## FARMEN v. UNITED STATE EXPRESS CO.

An express company claiming exemption from liability for loss of a package by fire on the ground that it held the package not as a carrier, but as a warehouseman, has the burden, nevertheless, to show that the destruction of the package was without negligence on its part.

Evidence in an action against as express company for loss of a package by fire held to warrant a finding of negligence against the company by a jury.

A verdict by direction of the court stands precisely as would a verdict by the jury on the evidence, where a directed verdict is requested by each party, and, unless the verdict of a jury would be set aside, the verdict directed by the court must be upheld.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by Marie Farmen against the United States Express Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Sears & Potter,* for appellant.

The burden of proof is upon the consignor to prove the contract and the delivery of goods; then upon the carrier to show their loss and the manner of loss. The burden then shifts to the consignor to establish that the loss was due to negligence. Lancaster Mills v. Merchants Co., 98 Tenn. 1; Louisville Railway Co. v. Manchester Mills, 88 Tenn. 653; Schouler on Bailments, section 101; Chicago, Etc., Railway Co. v. Kimball, 72 Ill. App. 105; Lam. v. Camden Railway Co., 46 N. Y. 27; Texas, Etc. Railway Co. v. Morse, 1 Texas App. Civ. Cas., section 415.

*Anderson & Waddel,* for respondent.

When the carrier claims exemption on the ground that under the particular circumstances of the case he held the goods not as a carrier but as an ordinary bailee it devolves upon him to show not only that he has done his whole duty to effect a delivery according to the course of his business, but that he has been guilty of no negligence which has caused or contributed to the loss. Hutchinson, Carr. 2d. Ed. 1891, Sections 345-355.

SMITH, J. This is an appeal from the circuit court of Day county from a judgment in favor of respondent and an order overruling appellant's motion for a new trial.

Plaintiff delivered to the Great Northern Express Company, at Mayville, N. D., for transportation, a package consigned to herself at Webster, S. D. This package was delivered by the Great Northern Express Company at St. Paul, Minn., to the defendant company, a connecting carrier, to be transported over its lines to Webster, and such package arrived at its destination on the morning of April 19, 1907. At 7:30 p. m. of the same day defendant company deposited in the post office a postal card addressed to the plaintiff at Webster, S. D., notifying her of the arrival of the package, requesting her to call for same and that the express charges thereon were $1.70. At that time the plaintiff was not a resident of the city of Webster, but resided near Roslyn, a post office some 12 miles distant. There was no express office at Roslyn. Plaintiff did not receive this notice until after the fire hereinafter mentioned.

At the time of this transaction one Thomas Delaney was agent of the defendant company at Webster, but was sick during the month of April, and the defendant company placed one C. L. Worrall of Aberdeen, S. D., in charge of its office at Webster from the 10th to the 30th of April, 1907. It appears from the record that about the 19th of April, the plaintiff, through her father, made some attempt by telephonic communication with the office to ascertain whether said package had arrived at Webster, but failed to receive such information. On the receipt of this package, the agent, Worrall, deposited it in the building occupied by the defendant company as its place of business, in the city of Webster, which consisted of two rooms. The front room was used as an office, and the back room for the storage of packages on hand. About half past 3 o'clock on the morning of April 25, 1907, it was discovered that this building was on fire. The fire department responded to a call, and by means of chemicals and water extinguished the fire in about 10 minutes. Shortly after the fire the package in question was found in the store-room, water soaked and practically destroyed as the result of the fire. There was a stove in the front office, but no stove or other means of heat in the storage room connected therewith. It ap-

pears conclusively that the fire did not originate in the front room or from the stove, but that it did originate in the corner of the back room where this package was stored. The evidence discloses that on the evening of April 25th, between 10 and 11 o'clock, the acting agent, Worrall, in company with several young men, met a train, which arrived at about that hour, and received certain packages of express, which they brought to and left in the office and went uptown. The evidence does not show whether the office was left locked or unlocked. It appears that none of the young men who accompanied Worrall returned to the office that evening, but the evidence is silent as to whether Worrall himself returned to the office at any later hour. It appears that Worrall was an habitual smoker of cigars and cigarettes, and that between 11 and 12 o'clock of the night of the fire he was seen at a poolroom not far distant from the office in a state of intoxication.

On the trial of the cause the plaintiff offered evidence showing the delivery of the package to the Great Northern Express Company, a demand for the same of the defendant company at Webster, and the failure of the defendant to deliver the same, and rested her case. The defendant thereupon offered the evidence as to the fire, hereinbefore summarized, without any further attempt to show the cause or origin of the fire. The defendant did not call as a witness Worrall who had charge of the office at the time of the fire, nor offer any explanation of his absence. At the close of all the evidence, the defendant moved the court to direct the jury to return a verdict for the defendant, on the ground that the evidence was not sufficient to warrant a verdict for the plaintiff. Thereupon the plaintiff also moved the court to direct a verdict in her behalf, on the ground that the evidence was insufficient to show any defense to the plaintiff's claim. The court sustained the plaintiff's motion, and directed a verdict for plaintiff for $71.50. No question is raised as to the amount of the verdict so directed.

Appellant first contends that by reason of the notice to the consignee of the arrival of this package, it appearing that the consignee was not a resident of the city of Webster, its liability

as a carrier was ended, and thereafter it could become liable only as a warehouseman. Appellant further contends that inasmuch as the plaintiff has failed to show any negligence on its part, resulting in the destruction of the package by fire, the defendant is not liable as warehouseman. In the view we take of this case, it will be unnecessary to discuss the question as to the termination of defendant's liability as a common carrier by mailing the notice of the arrival of the package, for the reason that, in any event, upon the record before us, the defendant has not acquitted itself of responsibility as a warehouseman. In the case of Wilson v. Cal. C. R. R. Co., 94 Cal. 171, 29 Pac. 861, 17 L. R. A. 685, it is expressly held that the burden of proof under circumstances similar to those disclosed in this case is upon the defendant to show that the loss occurred without negligence or fault on its part. The court says: "The burden of proving this defense, including the loss by fire without negligence or fault on his part, devolved on the defendant. 'When the carrier claims exemption on the ground that under the particular circumstances of the case he held the goods, not as carrier, but as ordinary bailee, it devolves upon him to show, not only that he has done his whole duty to effect a delivery according to the course of his business, but that he has been guilty of no negligence, which has caused or contributed to the loss.' Hutchinson on Carriers, (2d Ed.) §§ 354, 355, and authorities cited. All the facts pleaded by defendant in avoidance of its confessed contractual obligation were material and necessary to constitute a defense to the action; and, of course, the burden of proving all such facts was upon the defendant. It will hardly be contended that the new matter pleaded would have constituted a defense without the allegation that the destruction of the goods by fire was 'without the carelessness or negligence of this defendant.'" See, also, Sulpho-Saline Bath Co. v. Allen, 66 Neb. 295, 92 N. W. 354, 1 Am. & Eng. Ann. Cas. 21, and note.

The burden of proof being upon the defendant to show that the loss of this property by fire occurred without negligence on its part, the only question remaining is whether the evidence offered by the defendant is sufficient to establish such defense. The bur-

den of proof being upon defendant, if the issue of defendant's negligence had been submitted to a jury under this evidence, and the jury by its verdict had found for the plaintiff and against the defendant, it would hardly be contended that the verdict was not sustained by the evidence. It appears to us that the facts and circumstances disclosed are of such character that a jury upon defendant's evidence might have drawn a conclusion of negligence on the part of the defendant. In the case of Sundling v. Willey, 19 S. D. 295, 103 N. W. 38, this court held: "Both parties having made motions the defendant for the direction of a verdict in her favor, and no request having been made by either party for the submission of the case to a jury, the facts must be regarded as undisputed, and the trial court was authorized to draw all inferences thereform that a jury might have drawn had the case been submitted to a jury in the ordinary manner. Yankton Ins. Co. v. Fre. E. & M. V. Ry. Co., 7 S. D. 428, 64 N. W. 514; Grigsby v. Telephone Co., 5 S. D. 561, 59 N. W. 734. In the former case, this court says: "Both parties by the respective motions in effect admitted there were no disputed facts to be submitted to the jury, and virtually agreed to submit the questions of both law and fact to the judge; and under such circumstances, if there is evidence sufficient to uphold the decision, it is not error for the court to direct a verdict.'"

Under the views thus expressed, the verdict by direction of the court stands precisely as would a verdict returned by the jury upon the evidence, and, unless the verdict of a jury would be set aside by the court, it must be held sufficient to sustain a direction of a verdict by the trial court.

Finding no error in the record, the judgment and order of the trial court are affirmed.