HOSMER STATE BANK, Respondent, v. FIRST STATE
BANK OF ONAKA, Appellant.

(204 N. W. 167.)

(File No. 5637. Opinion filed June 3, 1925.)

1. **Trial—Jury—Motion by Both Parties for Directed Verdict Without Reserving Right to go to Jury Amounts to Submission of Law and Fact to Court.**

     Motion by both parties for directed verdict, neither reserving right to submission to jury, amounts to submission of all questions of law and fact to the court, and his verdict is equivalent to jury verdict.

2. **Chattel Mortgages—Mortgage, Describing Cattle as all Mortgagor Owned, Sufficiently Definite as Against Subsequent Mortgage.**

     Where farmer owned 19 cattle, mortgage on 15, describing them as all the cattle mortgagor owned, held sufficiently definite to entitle mortgagee to recover 2 cows from one claiming under subsequent mortgage specifically describing those cows.

Appeal from Circuit Court, Faulk County; Hon. Joseph H. Bottum, Judge.

Action by the Hosmer State Bank against the First State Bank of Onaka. Judgment for plaintiff, and defendant appeals. Affirmed.

*F. E. Snider,* of Faulkton, for Appellant.

*H. L. Woodworth,* of Ipswich, and *Giedt & Merkle,* of Eureka, for Respondent.

(2) To point two of the opinion, Respondent cited: 5 R. C. L. 425; 11 C. J. 457; 5 R. C. L. 423; 93 Neb. 707, 141 N. W. 827; Schneider v. Anderson (Minn.), 79 N. W. 603; Yant v. Harvey, Jr., 7 N. W. 675; Advance Thresher Co. v. Schmidt (S. D.), 70 N. W. 646; Slimmer v. Meade County Bank, 34 S. D. 147, 147 N. W. 734.

DILLON, J. This is an action brought by plaintiff to recover two black cows, of which it claims ownership under a chattel mortgage that was given by one Sahli to the First State Bank of Bowdle. On September 19, 1919, said Sahli owned 19 head of cattle, and gave a mortgage to the Hosmer State Bank on 10 of them, leaving 9 unincumbered. On October 8, 1919, said Sahli gave a mortgage to First State Bank of Bowdle on "fifteen head

of cattle of various ages, colors, and descriptions," and the clause, "being all the cattle I own," was inserted in the mortgage. On November 14, 1919, said Sahli gave a mortgage to defendant, First State Bank of Onaka, mortgaging "two black three year old milch cows, one black five year old milch cow, and one black six year old milch cow." Hosmer State bank plaintiff herein, purchased from the First State Bank of Bowdle the mortgage given October 8, 1919, and the real question presented by this case is whether or not the two head of cattle in controversy in this action were covered by this mortgage. Sahli testified that he told the agent of the First State Bank of Bowdle, at the time the mortgage was given, that he did not want to mortgage all of his cattte. He stated that he did not know that the clause "being all of the cattle I own" was in the mortgage, as he did not read the mortgage, because he could not, being an illiterate man. The court directed a verdict for the plaintiff, and it is from the judgment and order denying a new trial that this appeal is taken.

[1, 2] The plaintiff contends that the two black cows in the controversy must necessarily be included in its mortgage, because the mortgage covered the cows which were "free from all incumbrance whatsoever"; that this is a specific description of the cattle owned by Sahli, and included the two black cows now in dispute.

Defendant contends that he is entitled to possession of the two black cows in dispute, on the grounds that the cows included in the mortgage originally given to the First State Bank of Bowdle are not specifically described; that the holder of said mortgage did not have the right to select any 15 head of cattle that he might choose from the entire herd; that the cattle are specifically described in the mortgage held by the plaintiff.

At the close of the testimony, both parties moved for a directed verdict, neither party reserving any right of submission to the jury. This amounted to a submission of all questions, both of law and of fact, to the judge, and the verdict by direction stands precisely as would a verdict returned by the jury upon the evidence. Rice v. Bennett, 29 S. D. 341, 137 N. W. 359; Farmen v. Express Co., 25 S. D. 96, 125 N. W. 575. We think the evidence submitted is ample to justify the decision.

The action of the lower court as well as the order overruling the motion for a new trial, are affirmed.