### THE KANSAS NATIONAL BANK v. C. M. BAY.

**No. 11,805.** (64 Pac. 596.)

PROMISSORY NOTE — *Attorney in Fact not Personally Liable.* One who signs a promissory note in the name of another, by himself as attorney in fact, but who, to the knowledge of the payee and a subsequent indorsee, has no authority to use the other's name, and who refuses their solicitation to sign his own name and bind himself personally, is not liable on the note as his contract, notwithstanding the fact that it is given in a transaction of his own, and that he is generally using the name signed to the note as a trade name.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed April 6, 1901. *In banc.* Affirmed.

*Houston & Brooks,* for plaintiff in error.

*H. Whiteside,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action by the Kansas National Bank against C. M. Bay on a promissory note. Judgment went for the defendant. The plaintiff has prosecuted error to this court. The note sued on read as follows:

"$5577.50.    WICHITA, KANSAS, October 8, 1898.

"One hundred and twenty days after date, I promise to pay to the order of W. W. Graves & Co. five thousand five hundred and seventy-seven and $\frac{50}{100}$ dollars, for value received, negotiable and payable, without defalcation or discount, at the Kansas National Bank of Wichita, Kansas, with interest at the rate of 10% per annum from November 8, 1898, interest payable annually. No. —. Due Feb. 8, 1898.

H. R. SLOAN.
By C. M. BAY, *Attorney in fact.*"

The petition averred that the defendant, Bay, under the name and style of H. R. Sloan, executed and delivered the note, and that the amount of it was due from the defendant Bay, doing business as H. R. Sloan; wherefore judgment was demanded against said Bay.

The facts were that Bay was doing his own business under the name of Sloan, and that, as a cover for his transactions, he had procured a power of attorney from Sloan. However, that instrument did not confer on him the power to execute promissory notes. He bought cattle from W. W. Graves & Co., and, to evidence the purchase-price, executed to them two promissory notes, in form similar to the one in suit. To secure these notes, he executed in Sloan's name a first and a second chattel mortgage on the cattle. These notes and mortgages were negotiated to the Kansas National Bank. At the time they were taken by the bank, Bay explained to its president that he was doing business in the name of Sloan under a power of attorney. The bank accepted the notes and mortgages but required Bay to furnish it with a copy of the power of attorney. The cattle seemingly were taken under the first mortgage to pay one of the notes. This left the other one in the hands of the bank. It was held there as collateral security to an indebtedness due the bank from Graves & Co. The bank desired its renewal and sent Graves, as its agent, to procure the renewal. As a renewal, Graves secured the note in suit and indorsed it to the bank. He tried to induce Bay to assume personal responsibility on the note by signing his own name to it. Bay refused to do this.

There is no question but that the transaction for which the notes were given was Bay's individual busi-

ness, but he fully explained to the bank president and to Graves & Co. that he was not doing business in his own name; that he could not do so because of indebtedness held against him. There is no claim of deception or fraud practiced by Bay. His admission that he was conducting his own business in the name of another and his reasons for doing so were frank and open. While he seemed to be of the opinion that Sloan's power of attorney to him authorized the execution of promissory notes, yet it was not claimed that he fraudulently misstated his authority under that instrument, and, even if he had done so, the bank came into the possession of a copy of the power of attorney before the note in suit was executed, and therefore knew what it contained or did not contain. The question, therefore, is whether Bay is liable on the note executed by him in the name of Sloan.

The plaintiff in error contends that Bay is liable, because, as it says, the name of Sloan was a trade name adopted by Bay for the transaction of his own business, and, inasmuch as the giving of the note was his own business, he is liable on it as though executed in his own name. There are authorities to the effect that one who, for his own purposes, adopts the name of another, will be held liable in a transaction of his own conducted thereunder. We have no occasion to question the soundness of these authorities. We think, however, that they are limited to cases where it appeared that, under the name of another as a trade name, the party contracted to bind himself and not the other; and, in some of them, the party using the name of another was held liable, not on the contract, but upon the transaction out of which the contract grew. It may be that Bay is liable in an action charging him upon the original transaction, but he is

Bank v. Bay.

not liable upon the promissory note.   He is not liable because he never made that note his contract.   He never agreed to be bound upon it, but, on the contrary, refused to sign it as his contract or bind himself by it as an instrument of writing.

No cases precisely in point have been cited to us, nor in considerable research among the authorities have we been able to find one entirely similar in its facts.   We think, however, that the case is covered by the general principles of the law, and that these are well stated and elucidated in *Bartlett v. Tucker,* 104 Mass. 336, 6 Am. Rep. 240, the opening paragraph of the opinion in which case reads :

"It is well settled that any person taking a negotiable promissory note contracts with those only whose names are signed to it as parties, and cannot therefore maintain an action upon the note against any other person.   That rule, of course, does not preclude charging a party who, instead of the name by which he is usually known, signs, with intent to bind himself thereby, his initials, or a mark, or any name under which he is proved to have held himself out to the world and carried on business."

The judgment of the court below is affirmed.