THE NEW YORK LIFE INSURANCE COMPANY V. HOWARD MARTINDALE et al.

No. 14,855    (88·Pac. 559.)

SYLLABUS BY THE COURT.

1. NEGOTIABLE INSTRUMENTS — *Parol Proof Inadmissible to Charge Undisclosed Principal as Indorser.* A person whose name does not appear upon a promissory note cannot be charged as an indorser thereof by parol proof that the nominal payee in accepting and indorsing it was acting as his authorized agent, where nothing upon the face of the note suggests the existence of an agency.

2. ———— *Alteration as to Interest—Instruction as to Legal Rate of Interest after Maturity Erroneously Refused.* Where liability on a promissory note is denied by the maker, upon the ground that it has been altered by the addition of a

Insurance Co. v. Martindale.

clause making it bear interest at the rate of five per cent. per annum after maturity, whereas at the time of its execution it made no mention of interest, the refusal to instruct the jury that the note in the form in which the defendant claimed it stood when he signed it would in virtue of the statute draw interest after it was due at the rate of six per cent. per annum is material error.

3. ―――― *Note Vitiated by Unauthorized Alteration.* A promissory note may be vitiated by an unauthorized alteration made by inserting a lower rate of interest than that carried by the instrument as originally executed.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed January 5, 1907. Reversed.

*Kellogg & Madden,* for plaintiff in error, and defendant in error S. A. Stotler.

*R. M. Hamer,* for defendant and cross-petitioner in error Howard Martindale.

The opinion of the court was delivered by

MASON, J.: S. A. Stotler applied for a policy in the New York Life Insurance Company, and for the first premium gave his negotiable note, payable to Herman Fist, the company's agent. The note did not show the purpose for which it was given or disclose that Fist was acting otherwise than in his personal capacity. Fist sold and indorsed the note to Howard Martindale, who after its maturity brought an action upon it against Stotler, also seeking to charge the insurance company, which he made a defendant, upon the ground that as the note was taken and sold in the course of the company's business Fist's indorsement bound the company. Upon a jury trial the plaintiff was given a judgment against the insurance company, but was denied relief against Stotler. The insurance company now seeks to reverse the judgment rendered against it, and Martindale asks that he be granted a new trial of his case against Stotler. Both claims of error must be sustained.

The insurance company cannot be held, for the reason that upon the face of the note there was nothing to connect it with the transaction or to suggest that Fist was acting as an agent. Although it is familiar law that ordinarily where an agent while acting as such executes in his own name a written contract which does not reveal the fact of his agency parol evidence is admissible to charge the undisclosed principal, it is equally well settled that an exception to this rule is made in the case of negotiable instruments.

"Where a person is not a party to a negotiable note or bill of exchange he cannot be charged upon proof that the ostensible party signed or indorsed as his agent, since persons dealing with negotiable contracts are presumed to take them on the credit of the parties whose names appear upon them." (1 A. & E. Encycl. of L. 1141.)

Many authorities upon this proposition are collected in a note to the text quoted, and in an additional note printed in the first volume of the supplement to the work cited, at page 216. A number of them apply the same rule even where the maker adds to his signature the word "agent," or some similar expression. Of the cases mentioned as supporting a contrary doctrine, several, as there indicated, were affected by the circumstance that the principal and agent were husband and wife; the cases of *Mechanics' Bank v. Bank of Columbia,* 18 U. S. 326, 5 L. Ed. 100, and *Baker v. Gregory and Wife,* 28 Ala. 544, 65 Am. Dec. 366, turned upon the fact that the instruments there involved bore upon their face something from which an agency might be inferred; the case of *Sharpe v. Bellis,* 61 Pa. St. 69, 100 Am. Dec. 618, involved special complications; as stated in the later note the soundness of *Sessums v. Henry,* 38 Tex. 37, was challenged in *McGregor v. Hudson* (Tex. Civ. App.), 30 S. W. 489; and the court in *Harper et al. v. Bank,* 54 Ohio St. 425, 44 N. E. 97, professed to found the liability of the undisclosed principal, not upon the note, but upon the special facts of the case, of which the making of the note was

but a part. It is therefore manifest that so far as relates to the question here presented the opposition to the current of authority is not strong enough to warrant treating it as open. Moreover, in *Bank v. Bay,* 62 Kan. 692, 64 Pac. 596, 54 L. R. A. 408, 84 Am. St. Rep. 417, this court has already applied the principle stated. (See, also, 7 Cyc. 549, 550; 20 L. R. A. 707, 708, note; *Webster v. Wray,* 19 Neb. 558, 27 N. W. 644, 56 Am. Rep. 754.)

As between Martindale and Stotler, the principal issue arose upon an allegation of an alteration in the note. Stotler testified that when it was presented to him for signature it bore the words "with interest at the rate of ten per cent. per annum"; that he then refused to agree to pay interest and the word "ten" was erased, the space being left blank, whereupon he signed it; that afterward, without his knowledge or consent, the clause quoted was altered so as to read "with interest at the rate of five per cent. per annum from maturity." Testimony that the change was made before execution was introduced by Martindale, who asked the court to instruct the jury that a note in which no rate of interest is expressed draws interest after maturity in virtue of the statute at the rate of six per cent. per annum. The request was refused, and the refusal is assigned as error.

Upon this branch of the case defendant in error Stotler argues that such an instruction was unnecessary, inasmuch as it merely stated what is a matter of common knowledge, with which the jury must be presumed to have been familiar. This consideration does not serve to excuse the omission to give the charge requested. The issue of fact was clear, the conflict of testimony direct. The jury were required to determine whether the figure "5" was inserted in the note before or after its execution. Surely nothing could be of greater importance in enabling them to arrive at a just conclusion than that they should understand the difference in the legal effect of the instrument dependent

10—75 KAN.

upon the presence or absence of the figure "5"—that they should have authoritative information that the note as pleaded by the plaintiff bore interest at a lower rate than Stotler says it did when he signed it. Assuming that the jury entered the box with correct views on the subject, we cannot be sure that when they found the maker resisting payment of the note on the ground that it had been fraudulently altered by a lowering of the rate of interest their confidence in their judgment may not have been shaken. Under such circumstances they may have reasoned that the alleged change must have been against the maker rather than in his favor, and inferred that it originally bore no interest even after maturity, especially as in his answer he had pleaded that the note expressly stated that it should bear none. For the failure to cover this matter by a proper instruction the judgment in favor of Stotler also must be reversed.

It seems to be conceded that a note may be vitiated by an unauthorized alteration made by lowering the rate of interest, and properly so, for the contract shown by the paper as changed would be different from that entered into by the parties, and whether a better or worse one for the obligor is not material. (2 A. & E. Encycl. of L. 186, 225; 2 Cyc. 196, 197, note 85.)

Martindale also assigns as error the refusal to give an instruction requested in his behalf to the effect that because the law presumes that men act honestly there was a presumption that the note was not changed after its execution. The complaint is groundless, for the court told the jury that the burden of proof was upon Stotler to show that the alteration was made after delivery.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.

JOHNSTON, C. J., GREENE, BURCH, SMITH, PORTER, JJ., concurring.

GRAVES, J., not sitting, having been of counsel.