## COMMONWEALTH NAT. BANK OF DALLAS, TEX., v. BAUGHMAN.

No. 539.   Opinion Filed September 13, 1910.

(111 Pac. 332.)

1. **BILLS AND NOTES—Alteration by Payee—Effect on Maker.**
A material alteration of a note by the payee without the consent of the maker avoids it against the maker, even in the hands of a **bona fide** holder without notice of such alteration.

2. **ALTERATION OF INSTRUMENTS—Alteration of Note by Payee—Materialty.** An alteration in a note so as to make it bear 8 per cent. interest which, before the alteration, bore 10 per cent. interest, is a material alteration.

3. **BILLS AND NOTES—Actions—Pleading—Admission of Execution.** In an action on a note by the assignee under a written indorsement executed before maturity indorsed on a note, where a copy of the note and the indorsement thereon is attached to plaintiff's petition as an exhibit, and the original note and indorsement is introduced in evidence, and the answer of defendant is not verified by his affidavit, the execution of the note and the indorsement is admitted; and it is error to instruct the jury, under such circumstances, that the burden is upon plaintiff to establish the execution of the note and of the indorsement before maturity.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action by the Commonwealth National Bank of Dallas, Tex., against W. M. Baughman. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Plaintiff in error, who will hereafter be referred to as plaintiff, brought this action in the county court of Pontotoc county

against defendant in error, who will hereafter be referred to as defendant, to recover judgment on a note for the sum of $307.10 executed by defendant to L. M. Géneres, who assigned and transferred it to plaintiff. In its petition plaintiff alleges the execution and delivery of the note, the transfer thereof by the payee to it, and prays for judgment for the amount of the note, with interest at the rate of 8 per cent. from maturity, and for 10 per cent. attorney's fee. Defendant in the first paragraph of his answer denies the execution of the note, and by other paragraphs denies that the note was ever indorsed and transferred to plaintiff, or that plaintiff took same without notice of any equities between defendant and the payee. Subsequent paragraphs of the answer charge that an alteration was made in the note subsequent to its execution and delivery by striking out the word or figure "ten," fixing the rate of interest to be paid on the note and inserting the word or figure "eight" in place thereof, so as to make the note bear interest at the rate of 8 per cent. instead of 10 per cent. as it did when executed. Other matters are set up in the answer in an attempt to allege a payment of the note, but it will be unnecessary to notice those matters. The case was tried to a jury and resulted in a verdict and judgment in favor of defendant.

*Stone & Maxey,* for plaintiff in error.—Citing: 1 Daniel on Negotiable Instruments, par. 812; 8 Cyc. 229; 1 Wilson's Rev. & Ann. St. 1903, sec. 3606; *Gillespie v. Bank,* 20 Okla. 768; *Winfield Bank v. Williams,* 9 Okla. 493; *Seymour Price v. Bank,* 14 Okla. 268; *Andrews v. Calloway,* 50 Ark. 358.

*Bullock & Kerr,* for defendant in error.—Citing: *N. Y. Life Ins. Co. v. Martindale* (Kan.) 88 Pac. 559; *Commercial Bank of Dawson v. McGuire* (Minn.) 95 N. W. 212; *Chism v. Toomer,* 27 Ark. 108; Tiedeman, Com. Paper, sec. 394, p. 667; *Smith v. Eals,* 81 Iowa, 235.

HAYES, J. (after stating the facts as above). The questions of law presented for our determination by this proceeding arise, as stated by counsel for plaintiff, either upon instructions given

and excepted to by plaintiff or requested by him and refused by
the court. Plaintiff by different instructions requested asked the
court to charge the jury that they must find for plaintiff, unless
there was bad faith in the transfer of the note to plaintiff; that
mere suspicious circumstances would not suffice to defeat the re-
covery; and that plaintiff must have had actual knowledge of the
facts that would impeach the validity of the note in the hands
of the payee; and, further, that the alteration of the note from
10 to 8 per cent. is not a material alteration in law. The court
properly refused all the instructions submitting the foregoing
propositions. The only issue of defense in the case is that the
note sued upon was materially altered after its execution and de-
livery. It is therefore immaterial whether plaintiff's purchase of
the note was in good faith or with notice. If the note was ma-
terially altered after execution, plaintiff's right to recovery cannot
be established by showing that he is a *bona fide* holder of the
note. A material alteration of a note by the payee or holder
without the consent of the maker avoids it against the maker,
even in the hands of a *bona fide* holder, without notice of such
alteration. *Overton v. Matthews et al.,* 35 Ark. 146, 37 Am. Rep.
9; *Horn v. Newton City Bank,* 32 Kan. 518, 4 Pac. 1022; 2 Dan-
iel on Negotiable Instruments, pars. 1373, 1376. Whether an alter-
ation is material does not depend upon whether it increases or re-
duces the maker's libilit.y The test is whether the instrument,
after the alteration, expresses the same contract; whether it will
have the same operation and effect after the alteration as before.
If the change enlarges or lessens the liability, it is material, and
vitiates the contract. 3 Am. & Eng. Encyc. of Law & Prac. p.
401. *New York Life Insurance Co. v. Martindale,* 75 Kan. 142,
88 Pac. 559, 21 L. R. A. (N. S.) 1045, 121 Am. St. Rep. 362,
12 Am. & Eng. Ann. Cas. 677, is in point. In that case the note
sued upon, when executed, contained a clause providing for inter-
est at blank rate per annum from maturity. Subsequent to its exe-
cution words were inserted so as to make the note bear interest
at the rate of 5 per cent. per annum from maturity. Under the

statute, in the absence of any provision in the note relative to interest, it would have drawn after maturity interest at the rate of 6 per cent. per annum. By the added words, the contract was made to draw a lower rate of interest after maturity than it would have drawn under that statute. It was held that the alteration vitiated the note. See, also, *Moore v. Hutchinson et al.,* 69 Mo. 429; *Whitmer v. Frye,* 10 Mo. 348; 2 Daniel on Negotiable Instruments, par. 1835.

The jury was instructed that if, after the execution of the note, the alleged alteration was made by any person without the knowledge or consent of defendant, such alteration vitiated the note. This stated the rule too broadly to the extent that it declares that a material change made in the note by any person vitiates it. The rule prevailing in the courts of the United States is that, if a stranger without any complicity with the payee or holder of the note changes its terms, such change is a spoliation, and does not vitiate the note. It is only when the terms of the note are changed by a party thereto that the same may be termed an alteration, and result in avoiding the note. *Andrews v. Calloway,* 50 Ark. 358, 7 S. W. 449; 2 Daniel on Negotiable Instruments, par. 1373. We do not think, however, that the error committed in this instruction was prejudicial, for there was no contention about who made the change in the terms of the note. All the evidence is that the word "ten" was struck out by Generes, the payee, and the word "eight" inserted by him. The conflict in the testimony is as to when said change was made. The evidence of plaintiff is that it was before the execution of the note and the evidence of the defendant is that it was done afterwards. There was no contention by either party that the change was made by a stranger to the note.

The court instructed the jury that the burden of proof was upon plaintiff to show by fair preponderance of the evidence that the note was properly executed, that it was assigned to plaintiff in due course of business, and that the transfer was made before maturity. Therein the court committed error for which the

cause must be reversed.  Plaintiff attached to his petition a copy of the note sued upon as an exhibit, and the assignment was by written indorsement on the note of date, September 4, 1907.  The note, by its terms, did not mature until November 1, 1907.  Defendant's answer was unverified.  In all actions based upon written instruments, the execution of such instruments and indorsements thereon are admitted, unless denial of the same, verified by affidavit of the defendant, is made in his answer.  Wilson's Rev. & Ann. St. 1903, § 4312.  The execution of the note was not an issue under the pleadings.  The note and the indorsements thereon were introduced in evidence.  Under this state of the evidence and pleadings, the burden was not upon plaintiff to establish the execution of the note and its assignment before maturity, for its execution and the execution of the indorsement on the note, not having been denied under the pleadings, were admitted; and the indorsement established the assignment of the note before maturity. It was also immaterial whether the note was transferred before maturity or after maturity.  The sole question in this case is: Was the change which had been made in this note made after the execution thereof by defendant?  If so, plaintiff cannot recover; otherwise it can.

The judgment of the trial court is reversed, and the cause remanded.

All the Justices concur.