### COX v. KIRKWOOD *et al.*

No. 3609.  Opinion Filed March 24, 1914.

(139 Pac. 980.)

**CONTINUANCE**—Grounds—Discretion.  When a case is called for trial, and plaintiff's application to dismiss without prejudice and at his expense is denied, and counsel then presents an application for a continuance, supported by his affidavit, on account of the absence of the plaintiff, who is a resident of a distant state, and an important witness in the case, setting out competent and relevant testimony which the plaintiff would give if present, and alleging that he is not present because counsel advised him that the case would be dismissed, and it was not necessary for him to incur the expense of coming to the place of trial, and the continuance is denied, **held**, that the denial of the continuance was an abuse of discretion, particularly where an examination of the record discloses that the plaintiff did not have a fair trial in his absence.

(Syllabus by Galbraith, C.)

*Error from County Court, Cherokee County;*
*J. F. Parks, Judge.*

Action by J. F. Cox against J. T. Kirkwood and twelve others. Judgment was for the defendants, and plaintiff brings error. Reversed.

*Wm. A. Green* and *W. D. Halfhill,* for plaintiff in error.

*J. I. Coursey,* for defendants in error.

Opinion by GALBRAITH, C. The plaintiff in error commenced this action against J. T. Kirkwood and twelve others to recover $675, balance due on a promissory note dated November 4, 1908, due November 1, 1909, payable to the order of Edward T. Philpot, or bearer, alleging that he purchased said note prior to maturity for value and in due course of business, and that he was the legal holder thereof, and that the same was past due and unpaid, and praying for judgment. The defendants filed an amended answer in which they denied execution of the note, and also denied that they had made any payment on the same, and further admitted their signature to the note, but claimed that it had been materially changed and altered after its execution, and without their knowledge or consent, and that such changes were material, and in fact changed the note from a nonnegotiable to a negotiable one, and set out the changes made in the note, and further alleged that they had a perfect defense to the note in the hands of the payee, and that there was a failure of consideration in said note, and that there was an oral agreement between the defendants and the payee's agent at the time of the execution of the note (setting out the terms of this contract), and that the same had not been complied with by the payee; also alleging that the plaintiff was not a *bona fide* holder of the note for value. The prayer was that the plaintiff take nothing, and that the court cancel the note because of the alleged alteration and forgery, and for judgment for costs. The cause was tried to the court and a jury, and a verdict rendered for the defendants. To reverse the judgment rendered on this verdict, the plaintiff has perfected an appeal to this court.

First, it is complained that the court erred in refusing the plaintiff permission to dismiss the action at his cost. It appears that on the day the cause was set for trial the plaintiff, through his counsel, made application to the court to dismiss the cause without prejudice at his cost. This application was denied. Under section 5126, Rev. Laws 1910, the plaintiff had a right to dismiss the action at his cost without an order of court. It seems that counsel did not know this. We are inclined to think that the court should have advised counsel of his rights in this regard when the application for the order dismissing the cause was made. (Counsel appearing on the brief did not try the case below.)

Again, it is complained that the court erred in denying the plaintiff's application for a continuance. After the court had denied the application to dismiss the cause, the plaintiff then presented a sworn showing for a continuance for the term, and among the grounds therefor alleged that the plaintiff was not present in court, and that he resided in the state of Iowa, and that he was a material witness in the cause, setting out the testimony the plaintiff was expected to give, and that he was not present for the reason that counsel had expected the action to be dismissed, and had advised him that it would be dismissed, and that it was not necessary for him to incur the expense necessary in coming from his home in Iowa.

While this application was addressed to the discretion of the trial court, we are inclined to believe that denying the continuance was, in the light of the subsequent proceedings at the trial, an abuse of discretion. An examination of the record discloses that there were numerous errors made by the court in admitting over the objection of the plaintiff incompetent and irrelevant testimony, and in refusing to admit competent and material testimony offered. An examination of the instructions of the court to the jury, although they were not properly excepted to, nor proper instructions requested, shows that the court did not correctly state the rules of law arising upon the issues made by the pleadings. For instance, in instruction No. 8, the jury was told:

"That the burden of proof is on the plaintiff to show that the note was given for a valuable consideration; that, if that was doubtful upon the whole evidence, the plaintiff could not recover."

Again, in instruction No. 11, which reads as follows:

"A negotiable instrument is a term applied to a contract, the right of action on which is capable of being transferred by indorsement in case the note is to a particular party named therein, or his order, or by delivery of the instrument in the event the undertaking is made to a particular person or bearer."

Again, in instruction No. 13:

"If the contract upon which the signatures to the instrument were obtained was not carried out or complied with by the party obtaining the signatures, then the persons signing the same would be released from liability thereon."

Again, in instruction No. 14:

"You are further instructed that, if the signatures were obtained to the instrument as a preliminary to an organization, the object of which was to complete a definite contract for a definite purpose, and the organization of the person signing the instrument was never perfected, then the person signing the instrument as a preparatory measure could· not be held liable."

These instructions do· not embody correct statements of the rules of law arising upon the issues in this cause, or in fact in any case, and they must have been confusing to the jury, rather than affording them light in deciding the issues raised.

The important issues in the case were: First. Whether or not the note· in suit had been changed after its delivery, and without the knowledge or consent of the makers. If it had been changed, and the changes were material under the law, the makers of the note were not liable thereon, even in the bands of a *bona fide* holder. *Bank v. Baughman,* 27 Okla. 175, 111 Pac. 332. Second. Another important issue was whether or not the plaintiff was a *bona fide* holder of the note in suit. If he was, then the evidence admitted in regard to the oral contract entered into with the payee's agent at the time of the execution of the note was not admissible. These vital issues in the case were not properly submitted to the jury.

Upon the whole record we are convinced that the plaintiff did not have a fair and impartial trial, and that the judgment appealed from should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.