# FARMERS' & MERCHANTS' BANK v. SCOGGINS.

No. 3631.   Opinion Filed March 24, 1914.

(139 Pac. 959.)

1. APPEAL AND ERROR—Review—Sufficiency of Evidence. In the trial of an action in replevin, the answer was, first, a general denial, and, second, an affirmative defense tending to defeat the right of the plaintiff to recover; the cause was submitted to the jury upon proper instructions as to the law arising upon the issues raised, and the verdict is supported by sufficient evidence; the judgment will not be disturbed upon appeal.

2. BILLS AND NOTES—Alterations—Materiality. A promissory note executed January 2, 1909, containing the following clause: "And in case of legal proceedings on this note I agree to pay 10% additional as attorney's fees"—was nonnegotiable, and if after the execution of the note, and without the consent of the maker, such clause is eliminated by running a pen through the same, such elimination made the note negotiable, and such change was a material alteration which rendered the note void as against the maker, even in the hands of a bona fide holder for value.

(Syllabus by Galbraith, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the Farmers' & Merchants' Bank against J. W. Scoggins. Judgment for defendant, and plaintiff brings error. Affirmed.

*H. A. Smith,* for plaintiff in error.

*S. M. Cunningham, A. M. Reinwand,* and *R. J. Ray,* for defendant in error.

Opinion by GALBRAITH, C.   On the 15th day of March, 1909, the plaintiff in error commenced an action in the district court of Comanche county in replevin to recover the possession of certain chattels described in a mortgage given to secure a note for $1,000, dated January 2, 1909, and due January 15th thereafter, payable to Pearl C. Shelly, and alleged to have been indorsed to the plaintiff in error in due course of business and for value prior to maturity.   The order of replevin was issued, and the property seized.   In the time allowed by law the defendant, J. W. Scoggins, gave a redelivery bond and caused a redelivery of the property to him.   The petition was in regular form.   The defendant answered in two counts, in the first of which he denied generally and specially the execution of the note and mortgage as alleged, and denied that he was indebted to the payee of the note at the time alleged.   And, second, it was alleged that on January 2, 1909, one W. W. Swift, an attorney of Lawton, acting in collusion with Pearl C. Shelly, and for the purpose of extorting money from the defendant, wrongfully and unlawfully caused the said Pearl C. Shelly to make complaint to the county court of Comanche county, falsely and fraudulently charging the defendant with being the father of her bastard child, and caused a warrant to issue on such complaint for the arrest of the defendant, and that the said Swift, on said day, in company with the deputy sheriff, went to the place of defendant's residence and caused him to be placed under arrest, and that Swift then and there unlawfully, falsely, and fraudulently represented to the defendant that if he would pay $1,000 to him for Pearl C. Shelly this would be accepted in full settlement and the defendant would be discharged; that the defendant, being without counsel and under duress, and relying upon said false and fraudulent representation, executed a note and mortgage in the sum of $1,000; and further that, without the knowledge or consent of the defendant, said note was altered after its delivery in this, to wit, the words in said note, "and in case of legal proceedings on this note I agree to pay 10% additional as attorney's fees," were stricken out by running a pen through said clause and thereby erasing the same from the note, and thereby changing the note

after its delivery to said Swift from a nonnegotiable to a negotiable instrument, and that the same was thereafter transferred and assigned to the plaintiff for the purpose of placing the note and mortgage in the hands of a third party, and the purpose of such transfer was to prevent the defendant from setting up his defense against the payment of the note, and for these reasons the note and mortgage were void—and praying for the cancellation of the note and mortgage and judgment against the plaint'ff for cost. This answer was duly verified. A demurrer was filed to the answer on the ground that it did not state facts sufficient to constitute a defense to the cause of action and was overruled. A reply by way of general denial was filed to the answer. Upon the issues thus formed, the cause was submitted to the court and jury for trial, and a verdict returned for the defendant. After the overruling of the motion for new trial, the plaintiff perfected an appeal to this court by petition in error and case-made.

Error is assigned: First. In overruling the motion of plaintiff for judgment on the pleadings. Second. In denying motion for new trial. Third. In overruling the objection to the wife of defendant testifying in said cause. Fourth. In giving certain specified instructions. Fifth. That the judgment rendered was contrary to the law and the evidence.

The first assignment is not well taken, for the reason that the first paragraph of the defendant's answer was a general and special denial of the facts constituting the plaintiff's cause of action as set out in the petition, and the second paragraph of the answer set out an affirmative defense that was good if sustained by the proof. There was no error in denying the motion for new trial, since the only ground upon which the motion might have been sustained was the allegations of facts set out in the fourth ground of the motion, which were not supported by affidavit or other proof, and therefore were not sufficient to warrant the court in sustaining the same. There was no error in overruling the objection to the wife of the defendant testifying in the case, since she was permitted to testify simply to the payment made on the note on the day of its execution, which she testified she made as agent for her husband. The assignment

based upon the errors of the court's instructions cannot be considered, for the reason that there were no proper exceptions taken to the instructions of the court when given.

It was not error for the court to render judgment for the defendant upon the verdict of the jury. The court properly instructed the jury as to the rules of law by which to determine the several issues raised by the pleadings. If the provision in the note providing for attorney's fee had been erased therefrom, after its execution and delivery, without the consent of the defendant, that was a material alteration in the note and vitiated the same, even in the hands of a *bona fide* holder. It was said by this court:

"If the note was materially altered after execution, plaintiff's right to recovery cannot be established by showing that he is a *bona fide* holder of the note. A material alteration of a note by the payee or holder without the consent of the maker avoids it against the maker, even in the hands of a *bona fide* holder, without notice of such alteration. *Overton v. Matthews et al.,* 35 Ark. 146, 37 Am. Rep. 9; *Horn v. Newton City Bank,* 32 Kan. 518, 4 Pac. 1022; 2 Daniel on Negotiable Instruments, pars. 1373, 1374. Whether an alteration is material does not depend upon whether it increases or reduces the maker's liability. The test is whether the instrument, after the alteration, expresses the same contract; whether it will have the same operation and effect after the alteration as before. If the change enlarges or lessens the liability, it is material, and vitiates the contract. 3 Am. & Eng. Encyc. of Law & Prac. p. 401. *New York Life Insurance Co. v. Martindale,* 75 Kan. 142, 88 Pac. 559, 21 L. R. A. (N. S.) 1045, 121 Am. St. Rep. 362, 12 Ann. Cas. 677, is in point." (*Commonwealth National Bank v. Baughman,* 27 Okla. 175, at page 177, 111 Pac. 332, at page 333.)

The law in this state, at the time of the execution of this note, was that a provision in a promissory note for the payment of an attorney's fee in addition to the principal and interest rendered the note nonnegotiable. *Clowers et al. v. Snowden et al.,* 21 Okla. 476, 96 Pac. 596.

The principal issues in the instant case were issues of fact which were properly submitted to the jury for determination, and since all of these issues were controverted, and there is ample

evidence to support the findings of the jury thereon, the verdict is conclusive on this court.

There appearing to be no prejudicial errors presented by the assignments of error, the same should be overruled, and the judgment appealed from should be affirmed.

By the Court: It is so ordered.