## J. R. WATKINS CO. v. POWELL et al.

No. 12249—Opinion Filed Nov. 13, 1923.

**1. Alteration of Instruments—Materiality.**

Whether an alteration in a contract is material depends upon whether, after the alteration, it expresses the same contract and whether it will have the same operation and effect as before. If the change enlarges or lessens the liability, it is material, and vitiates the contract.

**2. Same — Principal and Surety — Action on Contract — Instruction.**

In an action for recovery of money based upon a written contract signed by principal and sureties, where the principal pleads alteration in avoidance and the sureties file answer and make same plea, and the evidence is the same as to knowledge and consent, it is error for the court to instruct the jury construing the contract in its application to the sureties different from its application to the principal.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by the J. R. Watkins Company against Thomas Powell and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

W. L. Curtis and Tawney, Smith & Tawney, for plaintiff in error.

T. M. McCombs, for defendants in error.

Opinion by THREADGILL, C. Plaintiff in error, as plaintiff below, brought suit against the defendants in error, defendants below, on a written contract of guaranty to recover the sum of $2,664.12. The plaintiff was a corporation under the laws of Minnesota and had been furnishing the defendant T. E. Stevenson goods, wares, and merchandise for his retail trade in Sequoyah county, Okla., and at the time the guaranty contract was executed the defendant Stevenson was indebted to the plaintiff in the sum of $1,901.19, and plaintiff refused to allow him further credit without security. About December 1, 1917, the plaintiff sent the defendant Stevenson a written contract to be signed by him and the other defendants in which it was agreed that they would pay the indebtedness then due and owing and any other indebtedness made in the further course of business. The term being subject to termination upon written notice by either party. The contract was signed and returned to the plaintiff at its home office in Winona, Minnesota, and the term was terminated by the plaintiff about March 1, 1919, at which time the defendant Stevenson was further in debt to the plaintiff in the sum of $762.93, making the sum total of $2,664.12. At the head of this contract were the following letters and figures: "MK (COPY) R $1901.19 C MK 1507."

It was a printed form and in the body of the same was a blank line and filled in by typewriter, the words, "nineteen hundred one and 1-100."

The plaintiff notified the defendants of the amount of the indebtedness and demanded payment. It does not appear from the record that the plaintiff received an answer to the notice from any one of the defendants except Stevenson. His letter to the plaintiff acknowledged the indebtedness and asked for further time, but no satisfactory settlement being made, a suit was brought against the guarantors and upon their application, by order of the court, Stevenson was made a party defendant. Formal pleadings were filed, the plaintiff pleading the contract and attaching a copy to the petition, also attaching an itemized statement of the indebtedness made after the contract was executed. Powell, Kyle, and Copeland filed an answer consisting of general and special denials of the allegations of the petition and set out as an affirmative defense:

"That the contract was null and void for the reason that at the time of the execution thereof by the said T. E. Stevenson the figures 'nineteen hundred one and 19-100' were not embraced in said contract, and that the same, if in the original, was written therein after the execution thereof, and by reason of changing, modification, and altering of said contract by said plaintiff, its agents, servants or employes, the same ceased to exist as a valid contract and is therefore null and void."

The answer was sworn to by one of the defendants. The defendant Stevenson filed a separate answer consisting of a general denial and pleading alteration of contract and asking for damages. His answer was sworn to.

The cause was tried to a jury on November 12, 1920. After the testimony was in the defendants contended for only one ground of defense, and that the alteration of the contract.

The court gave a peremptory instruction to the jury to return a verdict in favor of the plaintiff and against the defendant Stevenson for the amount sued for, but as to the other defendants the jury were instructed that if they believed from the evidence the contract was changed, as alleged, such change would be a material change and their verdict should be for the defendants. The jury returned two verdicts, one in favor of the plaintiff and against the defendant Stevenson for $2,652.07, the other verdict in favor of the other defendants, Powell, Kyle, and Copeland, and the court rendered judgment according to the verdicts. The plaintiff not being satisfied with the judgment brings the cause here by petition in error and case-made for review.

The plaintiff urges five assignments of error, as follows:

"1. The verdict of the jury is contrary to law. 2. The verdict of the jury is contrary to the evidence. 3. The verdict of the jury is contrary to and is not supported either by the law or the evidence. 4. For errors of law occurring during the progress of the trial and excepted to at the time. 5. For errors of the court in admitting certain evidence and excluding other evidence over the objections of the plaintiff during the progress of the trial."

Counsel for plaintiff, in his brief, discusses them all together. There is but one question that requires our consideration in the determination of the case and that is whether or not the alteration in the contract complained of is sufficient to render the same void. The context where the alleged alteration appears is as follows:

"The party of the second part hereby promises to pay said company at Winona, Minnesota, during the term of this agreement the indebtedness now due it for goods and other articles sold and delivered to him as vendee, f. o. b. cars at its regular places of shipment, payment of which is hereby extended during said term. The parties hereto, for the purpose of settling and determining the amount due, hereby mutually agree that the said indebtedness now due said company is the sum of **nineteen hundred one and 19-100** dollars, which sum the second party agrees to pay, and payment of which is extended, as above provided. And it is further mutually agreed that either of the parties hereto may terminate this agreement at any time by giving notice thereof in writing by mail, and any indebtedness then owing from said second party of said company shall thereupon be and become immediately due and payable."

The plaintiff contends that the alteration complained of is not such a material change as would make the contract void. The rule applicable in such cases is stated in the first paragraph of the syllabus in Commonwealth National Bank of Dallas, Texas, v. Baughman, 27 Okla. 175, 111 Pac. 332, as follows:

"A material alteration of a note by the payee without the consent of the maker avoids it against the maker even in the hands of a bona fide holder without notice of such alteration."

In the body of the opinion Justice Hayes, speaking for the court, lays down the rule as to when a change or alteration is material as follows:

"Whether an alteration is material does not depend upon whether it increases or reduces the maker's liability. The test is whether the instrument, after the alteration, expresses the same contract; whether it will have the same operation and effect after the alteration as before. If the change enlarges or lessens the liability, it is material, and vitiates the contract." Farmers' & Merchants' Bank v. Scoggins, 41 Okla. 719, 139 Pac. 959; Wayne County National Bank v. Kneeland et al., 61 Okla. 265, 161 Pac. 193.

Applying the rule above stated to the contract in controversy, can it be said the alteration complained of is a material one? The obligation was to pay all indebtedness due at the time the contract was made and all indebtedness that might be due at the time the contract should be terminated, and since the proof showed that the indebtedness at the time the contract was made was $1,964.19, and $762.93 at the time the same was terminated, the writing on the blank line the words "nineteen hundred one and 19-100," does not increase or decrease the liability of the defendants and does not change the operation and effects of the contract.

The cases we have cited above are also cited by the defendants in support of their contention that the change was a material change and rendered the contract void, but in this we cannot agree with the defendants, for the reason that the facts in these cases are widely different from the facts in the case at bar.

2. The record discloses the fact that the court instructed the jury that the alteration complained of was a material change and if made after the execution of the contract without the knowledge or consent of the defendants Copeland, Powell, and Kyles, the same would be void as to them, and the verdict should be in their favor, but the court instructed the jury that, under the evidence in the case, they should find in favor of the plaintiff and against the defendant Stevenson for the sum of $2,664.12, the amount sued for.

We cannot understand on what theory or under what rule of law the court made this difference, and considered Stevenson liable

under the contract and the sureties not liable. If the alteration rendered the contract void as to the sureties under the pleadings and the evidence it would be void as to the principal. The answer of the defendant Stevenson pleaded the alteration in avoidance and so did the sureties, and the testimony did not show knowledge and consent on the part of Stevenson any more than on the part of the sureties. In the argument of the case before the jury the defendants assumed the affirmative and contend for but one issue and that was the alteration of the contract.

And under the pleadings and facts in the case it was error for the court to construe the contract as valid and binding against Stevenson and invalid as to the sureties.

The case should be reversed and remanded, with instructions to grant the plaintiff a new trial and proceed in the further progress of the cause consistent with the views herein expressed.

By the Court: It is so ordered.