HeNDersoN, Chief-Justice.
 

 Both the mortgage ta
 
 Bostick
 
 and the deed to the defendant
 
 Isaac,
 
 were so evidently fraudulent upon, the evidence, and therefore void as to creditors, that we hear the proposition of the judge without any startling effect. But if true, it appears to me it may produce the most ruinous consequences. The ■proposition of the judge in effect is this: A fraudulently mortgages to B. C, without any notice, or •suspicion.
 
 *106
 
 that the mortgage was fraudulent, nay, without any knowledge that there was a mortgage at all, purchases the estate from A, fairly and
 
 bona fide,
 
 and within the time of redemption, as in this case. He is then informed of the mortgage, but not of its unfairness
 
 ;
 
 and at the request of A, pays off the mortgage debt, pays the balance of the purchase money to A, and A and B, the mortgagor and mortgagee, join in a deed to him. If this deed he affected with fraud, it must be upon some technical reasoning, beside the merits of-the case, which I cannot perceive.' The only plausible ground is, that the estate
 
 passed
 
 from the fraudulent mortgagee, and is therefore infected with the fraud, in the hands of a
 
 bona Jide
 
 holder. If the premises were correct, I think that the conclusion does not follow. But I believe, upon the strict and technical principles of conveyancing, the estate does not pass from the mortgagee, but from the mortgagor $ as I am inclined to believe, that upon payment of the mortgage money within the prescribed time, the estate ceased in the mortgagee, and revested in the mortgagor. For where there is a seisin in one person, fertile use
 
 oí another,
 
 (I say to
 
 the use of another
 
 — because if a person is seised to his own use, a hare declaration will not change that use,) the use may, by the terms of the conveyance fixing the seisin, change or shift from one person to
 
 another;
 
 and the seisin, that is the estate, will follow itl By the bargain and sale, the bargainor is seised to the use of the bargainee, by virtue, it is said, of the consideration; but to what extent, whether for years, for life, or in fee, depends upon the declaration of the bargainor, made in the deed j all the use not disposed of remains in the bargainor. For example, if a bargain and sale be made for life or years, the reversion of the use remains in the bargainor. The use for years or life is declared to the bargainee, and the statute carries to it the possession. When therefore, the term for which the use was declared expires, the estate expires, certainly upon an entry — if not
 
 ipso facto
 
 without an entry. If in this case an entry was necessary, ami the acknowledging satisfaction of the mortgage debt,
 
 *107
 
 and joining with the mortgagor in a conveyance, do not amount to a waiver of an entry, and a surrender of the estate, most certainly the entry of
 
 Isaac White
 
 under
 
 Zachciriah’s
 
 deed, was sufficient. Because if we resort to the terms of the deed, the mortgage money being paid, and that within the limited period, the mortgagee’s estate had expired. Ho had nothing but a possession, which the entry of
 
 Isaac
 
 put an end to. And the latter having entered, is
 
 in
 
 according to his estate, and having if joint deed from the mortgagin' and mortgagee, and the mortgage debt having been 'paid before the expiration of the time for repayment, his estate is from
 
 Zachariah
 
 White, and not from Bostick; even if the estate had been 5u
 
 Bostick
 
 when the deed was made, for want of an entry to defeat it, and therefore it was the deed of
 
 Bos-tick,
 
 and-only the confirmation of
 
 Zachariah
 
 White, as to passing ¿lie estate. When by the entry
 
 oí'Isaac,
 
 under their joint deed,
 
 Bostick’s
 
 estate was put an end to, it then, lor the same purpose, became the deed of
 
 Zachariah,
 
 and the confirmation of
 
 Bostick.
 
 To come to a Wmfiuidon at once, even if
 
 Isaac
 
 took the estate from
 
 Bostick
 
 under the deed, for want .of an entry to defeat
 
 Bostick's
 
 estate, as seou as he did enter under
 
 Zachariah,
 
 2ho mortgagee's estate vanished, and he then held under Zachariah. And I am much deceived, if
 
 Isaac
 
 could , .. , . . . . ,
 
 r. j.
 
 , -support an actio», declaring m a seism under
 
 Bostick,
 
 for Ills (Bostick's) estate no longer existed. If 1 am right,
 
 Isaac
 
 claims no estate from
 
 Bostick,
 
 and there-tore that estate which he now holds, is not infected with ihc Iran a oi
 
 bostick,
 
 il he was not a privy nor party thereto
 
 ;
 
 Unit is, lie is not affected merely by having a deed from
 
 Bostick;
 
 for the interest derived from it, if ymy, has passed away and ceased.
 

 
 *106
 

 jPer
 
 Uknder-hoí', Chief-Justice, arguemlo. Where the mortgagor :md mortgagee join in a bargain and sale before the estate of file latter has become absolute, the bar-gainee is in under the morlga-
 

 
 *107
 
 Where the mortgage debt is paid ■ within the period limited by the deed, the estate of the mortgagee is thereby divested, and he has nothing but a possession, which is defeated by the entry ofthe mortgagor or his vendee.
 

 j„ that ease, 'lPon an entry by the bargainee ofthemortgagee ^m°rtg-ag°iv sale becomesthe deed ofthe mort-firmation of the mortgagee.
 

 In expounding gainstfi-audulent themmtgagoria considered the ST^nd^th?* mortgagee but “r
 

 But how ever this may he, on strict principles of con-veyancmg, i think that when we are expounding the contract in reference to the statutes against fraudulent •conveyances, we should look.upon a mortgage as a bare -security for money, and that the mortgagee has an interest or estate for that purpose only ; or to speak more properly, an incumbrance to that amount; and that if
 
 *108
 
 mortgagor and mortgagee join in a conveyance, when the mortgage money is paid within the time limited, it is the deed of the mortgagor, and the confirmation of the mortgage? at least, it becomes so, immediately upon the entry of the grantee. If the mortgagee puchases the equity of redemption, most commonly he intends to
 
 extinguish
 
 it, and hold the estate under the morgagor. When the mortgagor pays off the mortgage debt, he intends most commonly to extinguish the mortgage, and hold under his old title. But their deeds may give either character to their-acts. I think that in this case, the mortgage was put an end to, and that
 
 Isaac
 
 holds the estate from
 
 Zachariah ;
 
 and if that transaction was fair and
 
 bonafde,
 
 he is entitled to hold the land against
 
 Za~ ehariah’s
 
 creditors. I repeat, that both these transactions bear the most evident marks of fraud. Yet, for the, reasons given, there must be a new trial.
 

 Per Curiam. — Judgment reversed.