No. 21,231.

GERTRUDE E. MOON, as an Individual and as Administratrix, etc., *Appellee,* v. NANCY J. MOON and EDGAR L. MOON, *Appellants.*

### OPINION DENYING A REHEARING.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion denying a rehearing filed June 8, 1918. (For original opinion of reversal see 102 Kan. 737.)

*Eugene S. Quinton,* of Topeka, for the appellants.

*J. J. Schenck,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In a petition for a rehearing counsel for the plaintiff criticises the citation by this court of Caspersz on Estoppel as follows:

"The author of this work was a barrister at law, advocate of the high court, Calcutta, and the author does not cite one single modern American authority to sustain the principle of law quoted in the opinion in this case. We do not believe this court prefers to follow the law of India, rather than the law announced by the several states as well as by American text writers."

This criticism shows fine loyalty to the home team, but it does not meet the question whether or not this rank outsider gave a fair answer to the question propounded in the former opinion: "Why is a person estopped to deny a recital in a contract?"

Citation of a text or a decision, or a thousand decisions, that a man is estopped to deny a recital in his contract, amounts to nothing; and probably that number of decisions may be found which go no further into the subject. A principle must be discovered and stated on which estoppel is justified, and when that is done, decisions are sound or unsound according to whether or not they correctly apply the principle.

In the petition for a rehearing it is said:

"This court in the opinion intimates that the rule contended for by the appellee is an old rule, and that the modern rule is different. In 10 Ruling Case Law, 683, the author said, 'A grantee is estopped, however, in an action on a covenant of seizin in his deed, from setting up his own

title which he knew he possessed at the time the deed was made.' This is an American authority. The book was published in 1915, four years after the contract in controversy in this case was entered into."

The text cited is based on the case of *Eames v. Armstrong*, 146 N. C. 1. The decision itself contains no discussion of the doctrine of estoppel which is of any value, but appended to the report of the case in 125 Am. St. Rep. 436, 443, is an annotation which discusses the nature of the covenant of seizin, and the ground of the "estoppel" will be found in the character of the assurance afforded by that kind of a covenant, and not in the fact that the covenant was contained in a written instrument. The petition for a rehearing also cites 16 Cyc. 721 as follows: "A party to a written contract is ordinarily estopped to deny the truth of recitals therein." Note the word "ordinarily," which indicates that a party is not always estopped to deny recitals in his contract. The paragraph in which the quotation is found goes on to tell of instances in which the general rule does not hold, and cases are cited in which the general rule was not applied. How does it come about that some writings estop, and others do not? The plaintiff's brief and the petition for a rehearing entirely ignore that subject.

In discussing the parol-evidence rule Professor Wigmore makes the following observations relating to the efficacy of a writing *per se*, which apply quite as well to estoppel by writing:

"The exhibition of a writing is often made as though it possessed some intrinsic and indefinite power of dominating the situation and quelling further dispute. But it needs rather to be remembered that a writing is, of itself alone considered, nothing—simply nothing. It must take life and efficacy from other facts, to which it owes its birth; and these facts, as its creator, have as great a right to be known and considered as their creature has. . . . There is no magic in the writing itself. It hangs in mid air, incapable of self-support, until some foundation of other facts has been built for it." (4 Wigmore on Evidence, § 2400, p. 3370.)

The section of the same work drawing the distinction between admissions as evidence, and estoppel, warranties, and contracts (2 Wigmore on Evidence, § 1056), shows clearly that the learned author had a conception of estoppel precisely like that stated by Caspersz; and Bigelow, one of our own truly American writers, actually derived and stated, in all essential respects, the true foundation for estoppel by writing, just as Caspersz did, even to the extent of citing the case of *Carpenter*

*v. Buller,* 8 M. & W. 209. (Bigelow on Estoppel, 5th ed., p. 331 and note.) The text of Caspersz is based on the English decisions, and estoppel by writing in England is not very different from estoppel by writing in America. The author, however, was perfectly familiar with and cited and quoted from American law writers like Thayer, Bigelow and Hermann, and if the light has penetrated as far as India, there seems to be no reason why American courts and lawyers may not read by it.

The court regards the principles stated in the former opinion as sound, and believes they were correctly applied, and consequently the petition for a rehearing is denied.