THE J. R. WATKINS MEDICAL COMPANY, Appellant, v. MILLER et al, (CHRISTIANSON et al, Respondents).

(168 N. W. 373).

(File No. 4224.    Opinion filed June 25, 1918.)

**1.   Contracts—Merchandise Sales Contract, Guaranty Under—Failure to Report and Remit, Effect re Guaranty of Previous Debt—Rule Stated.**

Under a contract for purchase of merchandise, containing also a specification of a previous indebtedness of vendee to vendor, held, in a suit by vendor against vendee and guarantors of the contract, the defense of failure of vendor to require vendee to make sales reports and money remittances required by the contract, was not available as to the liability (if there was absolute liability) of guarantors to pay the previous indebtedness. But, held, further, that any material departure by vendor from terms of the contract or in the manner of its execution, would release guarantors from liability for merchandise furnished thereunder; but so far only as pertained to indebtedness for merchandise furnished thereunder.

**2.  Trials—Mutual Motions for Verdict, Court's Findings in Directing Verdict, How Far Conclusive?**

Where, upon trial in a suit by vendor to recover of vendee and his guarantors under contract for sale of merchandise containing a specification of the amount due vendor under previous sales, both parties having at close of trial moved for verdict, held, a finding by trial court in directing verdict for defendant guarantors; that the contract, when executed, did not contain certain words indicating the amount due under previous sales, was conclusive of the facts, regardless of weight of contradictory evidence which would sustain a similar verdict by jury.

**3.  Appeals—Error—Findings, Sufficiency of Evidence Under Directed Verdict.**

In a suit by vendor against vendee and his guarantors, under a contract for purchase of merchandise, evidence held sufficient to sustain findings of trial court upon motion for directed verdict.

**4.  Contracts—Merchandise Sales—Provision to Pay Debt "Due" re Previous Sales, Effect re Vendee's Guarantors.**

A provision, in a contract between vendor and vendee for sales and purchases of merchandise, requiring vendee to pay on account of previous sales a debt "due to the date of this agreement," did not amount to a contract to pay an indefinite or undetermined amount of debt due from vendee to vendor; the insertion therein of the specific amount of the previous debt being essential to give the contract binding force. So held, in a suit thereunder against vendee and his guarantors; guarantors having no knowledge of the amount of vendee's past indebtedness when they signed guaranty.

**5.  Same—Recovery for Merchandise Sales—Recital of Dues re Sales—Blank Space Unfilled, Effect, re Vendee's Guarantors— Material Attention.**

Where, in a contract for sales of merchandise, a blank space intended for specification of the amount therein recited to be due from vendee to vendor on previous sales, was left unfilled, the contract was not in effect a declaration that any such indebtedness existed; and the filling in of such blank space by specifying said amount, changed the contract from one which did not, into one which did guarantee payment of an existing debt. But held, further, that if the guaranty with the blanks unfilled should be construed as a contract to pay vendee's existing indebtedness, the filling in of such blank space without the assent of guarantors, would constitute a material alteration; since such insertion would change the evidentiary effect of the instrument and render it competent evidence of the amount due, thus relieving vendor of burden of proving it by other evidence.

**6.   Same—Future Merchandise Sales—Blank Space re Indebtedness on Past Sales, Unfilled—Vendor's Insertion of Amount, Whether Legally Authorized re Guarantors—Estoppel.**

In a suit by vendor to recover from vendee and his guarantors, under a contract for merchandise sales, which contained a blank space for recital of amount due under previous sales, held, that as to the guarantors, no legal presumption existed that vendor was authorized, with the consent of guarantors, to insert the correct amount of such indebtedness in such space. Held, further, that vendor could not, by its unauthorized and material alteration of the contract, create an estoppel as against guarantors.

**7.   Same—Future Merchandise Purchases—Dues re Previous Sales, Vendee's Insertion After Guarantors Signed, Whether Binding on Vendor.**

Insertion by vendee, in a blank space after guarantors signed and before vendee's delivery of the instrument to vendor, in a contract between vendee and vendor for purchase of merchandise, of the amount of an indebtedness under previous sales, was binding on vendor at whose direction signatures of the guarantors under said contract were procured.

Appeal from Circuit Court, Roberts County. Hon. Thomas L. Bouck, Judge.

Action by the J. R. Watkins Medical Company, a corporation, against C. H. Miller and others his guarantors, to recover upon a contract for sales of merchandise, including an indebtedness for previous sales. From a judgment for defendant upon directed verdict, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Batterton & Bunde,* and *Tawney, Smith & Tawney,* for Appellant.

*C. R. Jorgenson,* for Respondents.

(1) To point one of the opinion, Respondents cited:

Morrison v. Arons, et al. 68 N. W. (Minn.) 33; Fidelity Mutual Life Association v. Dewy et al. 86 N. W. (Minn.) 423.

(5) To point five of the opinion, Respondent cited:

Herbert v. Lee, 12 L. R. A. (N. S.) 247; Lancoshue Ins. Co. v. Callahan 71 N. W. (Minn.) 261.

(6) To point six of the opinion, Appellant cited:

Cedar Rapids Nil Bank v. Moute, 115 Minn. 414, 132 N. W. 911; Friend v. Yohr, 126 Wis. 291, 104 N. W. 997, 110 Am. St. R. 924, 1 L. R. A. (N. S.) 891; Allen v. Withrow, 110 U. S. 119, 128, 28 L. ed. 90.

SMITH, J.   The J. R. Watkins Medical Company, appellant, is a Minnesota corporation having its principal place of business at Winona.   It is engaged in manufacturing and selling medicines, extracts, and other articles.   The defendant Miller had been engaged for several years in selling merchandise furnished by such corporation under written guaranteed contracts, prior to the contract upon which this action is founded.   At the time this contract was entered into Miller was indebted to the corporation for merchandise furnished under previous contracts in the sum of $1,559.29.   The last contract, the one in question here, was dated December 1, 1914, and terminated March 1, 1916.   It obligated the corporation to furnish Miller merchandise at the usual and customary wholesale prices, to an amount which he might reasonably require for sale within certain designated territory, and obligated Miller to make personal canvas with team and wagon for the sale of such merchandise at least three times a year, and to pay wholesale prices at times specified and required such merchandise be paid for or returned to the company as prescribed in the contract. The contract in a clause near the end of the printed part contained the following provision:

"The indebtedness due on the date of this agreement from the party of the second part to the party of the first part for goods and other articles sold and delivered to him under a prior agreement is hereby mutually agreed to be the sum of $1,559.29, which said sum and indebtedness the second party hereby promises and agrees to pay during the term of this agreement, and payment of which is hereby so extended."

The defendants Christianson and Johnson at the solicitation of Miller became guarantors of this contract at the time of its execution.   Miller himself obtained the signatures of these guarantors and forwarded the contract and guaranty to plaintiff.   The manner of the execution of the contract was found satisfactory by the corporation, and the guarantors were formally notified of their acceptance as such.   At the termination of this contract Miller was indebted to plaintiff in the sum of $487.83 as a balance due for merchandise furnished during the period of the contract.   This indebtedness, together with the $1,559.29 prior indebtedness, aggregated $2,047.02, for which sum this action was brought against the guarantors and Miller.   Miller made no defense, and no question is

raised as to a misjoinder of causes of action. The amount of Miller's indebtedness to the corporation is conceded. The guaranty appended to the contract and signed by Christian and Johnson is as follows:

"In consideration of one dollar in hand paid by the J. R. Watkins Medical Company, the receipt whereof is hereby acknowledged, and the execution of the foregoing agreement by said company, and the sale and delivery by it to the party of the second part of its medicines, extracts, and other articles, and the extension of the time of payment of the indebtedness due from him to said company as therein provided, we, the undersigned sureties do hereby jointly and severally promise and guarantee the full and complete payment of the said sum and indebtedness and for said medicines, extracts, and other articles, and of the prepaid freight and express charges thereon, at the time and place and in the manner in said agreement provided."

[1] The answers of Christianson and Johnson admit the execution of the contract of guaranty, but deny that the contract of Miller which they guaranteed contained the words and figures "fifteen hundred and fifty-nine and 29-100 dollars ($1,559.29)" at the time they signed the guaranty. The answers also allege as a defense the failure of the corporation to require Miller to make reports of sales and remittances of money required by certain provisions of his contract. We deem it unnecessary to consider the effect of the provisions last refered to, further than to observe that they in no way affect the liability upon the guaranty of the previous indebtedness of $1,559.29, if it was absolute and unqualified. We are of the view, however, that any material departure by plaintiff from the terms of the contract or in the manner of its execution would release the guarantors from liability for merchandise furnished under this contract. J. R. Watkins Medical Co. v. McCall, 116 Minn. 389, 133 N. W. 966. But such release would go no further than to affect the indebtedness for merchandise furnished under the particular contract. J. R. Watkins Medical Co. v. McCall, supra. If the guaranty of payment of the previous indebtedness be considered as absolute and unqualified, it was in no way affected by the failure of the corporation to require a compliance on the part of Miller, with provisions of the contract as to current transactions under it. At the close of the trial plaintiff

and defendant each moved for a directed verdict. The trial court directed a verdict for defendant who is respondent here. In this case the trial court in its order directing a verdict expressly "finds as a matter of fact that the instrument which was signed (guaranteed) by these defendants Christianson and Johnson did not contain the words 'fifteen hundred fifty-nine dollars and twenty-nine cents' or figures expressing the same amount at the top thereof, and the court further finds, that the said contract has been materially altered, since they signed the same by the insertion in the contract of said words without their knowledge and without their consent, and that being so, it becomes the duty of the court to direct a verdict for each defendant upon all the issues."

[2] The findings of the trial court upon such motion are conclusive of the facts, regardless of the weight of contradictory evidence, if such finding is supported by substantial evidence, which would sustain a similar verdict by a jury: Sundling v. Willey, 19 S. D. 293, 103 N. W. 38, 9 Ann. Cas. 644; McComb v. Baskerville, 20 S. D. 353, 106 N. W. 300; Farmen v. U. S. Express Co., 25 S. D. 96, 125 N. W. 575; Share v. Coats, 29 S. D. 603, 137 N. W. 402; see, also, McCormick v. Nat. City Bank, 142 Fed. 132, 73 C. C. A. 350 6 Ann. Cas. 544, and monograph note. Nor is this rule affected by the fact that the evidence is conflicting. Gitty v. Allen, 62 App. Div. 622, 71 N. Y. Supp. 88.

[3, 4] We have carefully considered the evidence in the record, and, without attempting to review it, we are satisfied there is sufficient evidence to sustain the findings of the trial court upon the motion. But appellant further contends that, even though the facts be as found by the trial court, the court erred in directing a verdict for defendants for the reason that it is undisputed and conceded, and so stated by Christianson and Johnson in their evidence, that the contract, among its printed provisions which were not altered or changed, contained a complete agreement to pay the indebtedness of Miller to the corporation "due on the date of this agreement," and that the insertion of the amount of such indebtedness in the blank space left therefor in the contract was not a material alteration, and for the further reason that the execution of the guaranty by defendants, leaving vacant space in the contract for filling in the true amount of Miller's previous indebtedness, carried with it the implied assent of the guarantors that the true

amount might be inserted. There is no contention here that either of the defendants was induced to become a guarantor by any trick or artifice, and it is conceded that they each read the contract before signing the guaranty. It is conceded that the contract was not changed in any respect after the guaranty was signed, save by the insertion of the true amount of Miller's indebtedness. We are of the view after a careful consideration of the language used that the provision of the contract which is quoted above did not amount to a contract or agreement to pay an indefinite or undetermined amount of indebtedness due from Miller to the corporation, but that the insertion in the contract of the specific amount of such indebtedness was essential to give it any binding force whatever. Reading the contract with the blank space unfilled, it does not even amount to a declaration that there is any such indebtedness. If this view is correct, the filling in of the blank space changed the contract from one which did not guarantee payment of an existing indebtedness into one which did guarantee such payment.

[5] But, assuming appellant's contention that the guaranty with the blanks unfilled should be construed as a contract to pay Miller's existing indebtedness, we are of the view that the filling in such blank space in the contract without the assent, actual or implied, of the guarantors, would constitute a material alteration, for the reason that the insertion of the amount of such indebtedness would change the evidentiary effect of the instrument, and though the amount inserted be concededly correct, such alteration would render the instrument itself competent evidence of the amount of such indebtedness, and would thus relieve plaintiff of the burden of proving it by other evidence. Low v. Argrove, 30 Ga. 129; Schmidt v. Quinzel, 55 N. J. Eq. 792, 38 Atl. 665. Craighead v. McLoney, 99 Pa. 211. As to sureties, see Miller v. Stark, 148 Pa. 164, 23 Atl. 1058; Moss v. Maddux, 108 Tenn. 405, 67 S. W. 855. It is shown by the undisputed evidence, and necessarily implied from the findings of the trial court, that the guarantors had no knowledge, at least of the amount, of Miller's past indebtedness to the corporation, at the time they signed the guaranty, or at any time until demand of payment by plaintiff.

[6] Appellant, however, contends that it is presumed as a matter of law that the plaintiff was authorized to insert the correct amount of such indebtedness in the blank space left in the

contract. We cannot agree with that view. Appellant cites numerous decisions which are claimed to sustain his contention. An examination of these decisions and others discloses that they may be resolved into two classes: First, those in which the obligor has directly assented to and authorized the filling in of such blank spaces, or where from the circumstances of the transaction such assent and authority must be inferred; and, second, those in which the obliger, by reason of his own acts, is held estopped to deny that he assented to and authorized the filling of such blank spaces. In the latter class are Ormsby v. Johnson, 24 S. D. 494, 124 N. W. 436; Palacios v. Brasher, 18 Colo. 593, 34 Pac. 251, 36 Am. St. Rep. 305; Rollins v. Ebbs, 138 N. C. 140, 50 S. E. 577; McCormick v. Bay City, 23 Mich. 457.

[7] The insertion of the amount of the indebtedness being a material alteration not assented to by respondents either in fact or by necessary implication, only the question of estoppel remains to be considered. We are of the view that appellant cannot, by its own unauthorized and material alteration of the contract, create an estoppel as against respondents. It is suggested that there is nothing in the record to show that the alteration was in fact made by appellant, and, if made by a third person, that it would not avoid the contract. But, so far as the record discloses, the contract after the guaranty was signed was never in the custody or possession of any person other than Miller, and appellant's own officers and employes. And if the amount of indebtedness was inserted by Miller after respondents signed and before he delivered the instrument, his act must be held binding on appellant, at whose direction the signatures of the guarantors were procured. Certainly Miller was not a stranger to the transaction within the rule suggested. We have examined the assignments relating to the admission and exclusion of evidence, but are of the view that none of them are prejudicial, and that they do not require a separate review.

The order and judgment of the trial court are affirmed.