McCONNON & COMPANY v. O. M. HOVLAND AND OTHERS.[1]

June 29, 1923.

No. 23,458.

**Guaranty—filling in amount of admitted debt not a material alteration.**

In an action upon a suretyship contract, to recover the amount owing the creditor at the date of the undertaking, where the instrument contains a dollar sign followed by a blank space for the amount of such indebtedness, and the obligee fills the correct amount into such space after its execution, *held* that such filling in does not amount to a material alteration of the contract, and that the obligee had implied authority to fill in the amount.

Action in the district court for Marshall county to recover $435.85. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of defendants Arthur Paar, Charles Thibodo and Paul Stachowitz. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed and remanded.

*Webber, George & Owen,* for appellant.

*Ira H. Burhans,* for respondents.

QUINN, J.

Plaintiff is engaged in the manufacture and sale of extracts, spices and the like, at Winona, Minnesota. The defendant Hovland traveled through the country districts selling such products at retail. In May, 1921, he was indebted to the plaintiff, on account, for such products. He was desirous of continuing his occupation and in order to do so it became necessary for him to obtain a line of credit with the plaintiff. To that end the respondents executed the undertaking in question, which contains the following provisions:

"We the undersigned sureties hereby jointly and severally guarantee, absolutely and unconditionally at all times, payment at Winona, Minnesota, of an indebtedness * * * not exceeding a

[1]Reported in 194 N. W. 394.

running balance of more than Six hundred dollars ($600.00) to Mc-Connon & Company incurred by O. M. Hovland of Stephen, state of Minnesota, due on the date hereof, the amount of which is $268.67, and also any indebtedness to the said McConnon & Company hereafter incurred by or for him, * * *. It is understood that there are no conditions or limitations to this undertaking, except those written or printed hereon, at the date hereof, and that after execution no alteration, change or modification hereto shall be binding or effective, unless executed in writing signed by ourselves and Mc-Connon & Company under the corporate seal of said company."

By this action plaintiff seeks to recover the sum of $268.67 owing to it from Hovland at the date of such undertaking, and $167.18 for merchandise sold subsequent thereto, with interest and costs. Hovland was not served and did not appear or answer. Defendants allege in their answer that after the execution of the undertaking material alteration was made therein, without their knowledge or consent. The jury so found. It is the contention of defendants that the blank space in the printed form of the undertaking following the dollar sign was not filled at the time of its execution and that subsequently the figures 268.67 were inserted, making it appear from the face of the instrument that Hovland was owing plaintiff $268.67 at that time, thereby vitiating the obligation and releasing the signers thereof from liability. There was no controversy upon the trial as to the amounts owing from Hovland to the plaintiff. The amount is specifically admitted in the answer. The decisive question is whether the plaintiff had implied authority to fill in the blank space with the figures as indicated. In other words, was the filling in of the amount a material alteration of the contract?

The undertaking specifically provides for the payment by respondents to the plaintiff of the indebtedness of Hovland existing at the time of its execution, and such other indebtedness as might thereafter be incurred. By such provisions appellants became unconditionally obligated to pay the amount which Hovland owed to plaintiff at the date of the undertaking, not exceeding the sum of $600. This being true, to insert in the blank space left in the contract, if it was so left, the amount of the indebtedness existing at that time,

was not a material alteration. Under the holdings in this state, the filling in of the blank, under such circumstances, does not constitute a change or alteration which would release the sureties. It was not changing the effect of the instrument, it was simply completing it, under an implied authority in appellant. Herrick v. Baldwin, 17 Minn. 183 (209), 10 Am. Rep. 161; State v. Young, 23 Minn. 551; Board of Co. Commrs. of Renville County v. Gray, 61 Minn. 242, 63 N. W. 635; 32 Cyc. 67; Eichelberger v. Old Nt. Bank, 103 Ind. 401, 3 N. E. 127; Montgomery v. Dresher (Neb.) 134 N. W. 251, 38 L. R. A. (N. S.) 423.

Defendants looked the instrument over carefully. They made no inquiry as to the amount of the indebtedness. They became liable for the present indebtedness to the amount of $600. The amount filled in was less than one-half of this amount. It cannot be said with any degree of accuracy that the filling in constituted an alteration of the contract. The order appealed from is reversed with directions to enter judgment for plaintiff as asked for in the complaint.

Reversed and remanded.