## DR. WARD'S MEDICAL COMPANY v. J. L. WOLLEAT AND OTHERS.[1]

June 20, 1924.

No. 23,959.

**Material alteration of instrument.**

1. A material change or alteration of an instrument is one which causes it to speak a language different in legal effect from that which it originally spoke.

**Legal effect of contract unchanged by insertion of correct amount.**

2. A contract containing this language: "For the purpose of settling and determining the amount of the said indebtedness now due it is hereby mutually agreed between the parties hereto that there is now due the sum of .........Dollars, which sum the second party (Wolleat) hereby promises and agrees to pay said company during the term of this agreement, and payment of which is hereby so extended," and the correct amount of such existing indebtedness is inserted after the contract is executed, it is not a material alteration because it changes the evidentiary effect of the instrument. The contract as signed by defendants was complete and they agreed to pay the then existing indebtedness. The filling in of the correct amount in no way changed the legal effect of their contract.

[1]Reported in 199 N. W. 738.

**No implied authority to fill blank.**

3. The delivery of this particular contract with the blank space in it did not give implied authority to fill in the amount, and the circumstance did not create an agency for that purpose. One of the exceptions to the general rule excluding parol evidence to vary the terms of written instruments is to receive such evidence for the purpose of impeaching an instrument by showing the fact that an alteration was made therein.

**Guarantors not estopped by language of contract.**

4. The contract, containing the language above quoted with the blank, also contained this language: "which we have read and fully understand and which contains no blank spaces at the time we execute this agreement as a part of the same as sureties," was signed by the guarantors and it is *held* they were not estopped thereby from showing that the amount was filled in after execution and delivery.

**When recital in contract is conclusive.**

5. A recital in a contract is not conclusive unless it operates as a representation or warranty inducing the formation of the contract, or was itself the essence of the contract, or having been accepted and acted on in good faith resulted in consequences which it would be inequitable or unjust to disturb.

**No estoppel by general recital.**

6. A general recital is not an estoppel, though the recital of a particular fact is.

**No estoppel in favor of the guilty.**

7. An estoppel may be invoked by the innocent.

Action in the district court for Becker county to recover $1,173.67. The case was tried before Roeser, J., who at the close of the testimony denied plaintiff's motions for a directed verdict in its favor, and a jury which returned a verdict in favor of defendants. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Johnston & Carman*, for appellant.

*Eric L. Winje* and *M. J. Daly*, for respondents.

WILSON, C. J.

Dr. Ward's Medical Company, plaintiff herein, made a contract with J. L. Wolleat agreeing to sell to him goods, extracts, etc., manufactured by it, as he might reasonably require for sale from time to time in certain territory. Later a renewal contract was made between the same parties, and at that time Wolleat was owing appellant $1,024.19 accruing under the first contract. Wolleat was party of the second part in the new contract and it now contains this language:

"The party of the second part hereby agrees to pay the indebtedness now due from him to said company for goods and other articles heretofore sold and delivered to him as vendee f. o. b. cars to Winona, Minnesota, payment of which is hereby extended during the term of this agreement. For the purpose of settling and determining the amount of the said indebtedness now due it is hereby mutually agreed between the parties hereto that there is now due the sum of one thousand twenty-four and 19/100 ($1024.19) dollars, which sum the second party hereby promises and agrees to pay said Company during the term of this agreement, and payment of which is hereby so extended."

Respondents are guarantors for Wolleat and they signed a guaranty, printed on the back of the new contract, which is as follows:

"For and in consideration of one dollar to us severally in hand paid by the within named Company the receipt of which is hereby acknowledged, and the execution of the within agreement and the sale and delivery by it to the party of the second part of its goods and other articles, and the extension of the time of payment of the indebtedness now due from the party of the second part to said Company as therein provided we the undersigned sureties do hereby jointly and severally and unconditionally promise and guarantee the full and complete payment of said sum and indebtedness and for said goods and other articles and the prepaid freight, express or postal charges if any thereon at the time and place and in the manner in said agreement provided hereby fully assenting to said agreement and waiving notice of the failure of said second party to

make reports and payments as provided in the said agreement, which we have read and fully understand, and which contains no blank spaces at the time we execute this agreement, as a part of the same, as sureties."

Plaintiff brought this action against Wolleat and also against respondents John F. Londeen and Peter Dalve to recover the $1,024.19 and also a balance due for merchandise sold under the new contract. Wolleat did not answer; the guarantors did. They allege that they did not know of any existing indebtedness, and that the original contract, when they signed their agreement, at the place where "one thousand twenty-four and 19/100 ($1024.19)" now appears as above set forth, was a blank line, and that these words and figures were later, and without authority, wrongfully written therein by plaintiff. This is denied in the reply. Against objections of plaintiff the answering defendants were permitted to introduce evidence in support of this allegation in their answer. The plaintiff's evidence was to the effect that this was filled in before execution. The court submitted this as one of the issues to the jury upon the theory that it, if made, was a material alteration. The jury found for the answering defendants, and from an order denying an alternative motion for judgment or for a new trial plaintiff appealed.

In the face of the verdict we must conclude that the alteration was made. Was it a material one? The amount was correctly stated.

The contract between the original parties, to which the guaranty related, contains certain prominent elements, namely, a provision to sell merchandise and manner of payment, also a promise "to pay the indebtedness now due from him to said company for goods and other articles heretofore sold and delivered to him as vendee f. o. b. cars to Winona, Minnesota, payment of which is hereby extended during the term of this agreement." This is a part of the contract which respondents guaranteed. Had it stopped there the liability of respondents could not be doubted. A material change or alteration of instrument is one which causes it to speak a language different in legal effect from that which it originally spoke. If

the meaning of the instrument remains as it originally stood, the alteration is not material. Board v. Gray, 61 Minn. 242, 63 N. W. 635; 2 C. J. 1173; 1 R. C. L. 967; Board v. Greenleaf, 80 Minn. 242, 83 N. W. 157; J. R. Watkins Co. v. Powell, 93 Okla. 219, 220 Pac. 585.

Appellant was not content with this effective contract, but wisely and with good business economy, sought to save itself unnecessary expense incident to litigation, and hence, following this, we find a further provision which is inserted for an expressed purpose, and which, in this case we will assume was before the alteration in this language:

"For the purpose of settling and determining the amount of the said indebtedness now due it is hereby mutually agreed between the parties hereto that there is now due the sum of ——————— dollars, which sum the second party (Wolleat) hereby promises and agrees to pay said company during the term of this agreement, and payment of which is hereby so extended."

It is plain that this sentence in this contract was included for the very purpose of having the amount then due liquidated so that the contract itself would thereafter determine the amount of such existing indebtedness so that plaintiff would not thereafter have to produce its books and records and be annoyed by the inconvenience of having to prove its account.

The language hereinbefore set forth is quite sufficient to constitute an agreement to pay an indefinite amount of existing indebtedness, but under the contract appellant would, if necessary, have to prove that indebtedness and the amount thereof. What then is the effect, if any, of inserting the amount of that indebtedness? It is this. It changes the evidentiary effect of the instrument. By this insertion the contract is made competent evidence of the existence and amount of such indebtedness, and it would thereby relieve appellant of the burden of proving it by other evidence.

While the evidentiary effect of the contract was changed, we do not regard the legal effect of the contract changed. In this we are not in harmony with the supreme court of South Dakota. J. R.

Watkins Medical Co. v. Miller, 40 S. D. 505, 168 N. W. 373. We prefer to construe this contract on the theory that the gist of the agreement of defendants, insofar as it related to a then existing indebtedness, was fixed and determined by the language in the contract in the sentence immediately preceding the one in which it is claimed the blank was filled in after respondents signed the instrument. They agreed to pay an existing debt incurred under a prior contract in consideration of an extension of the time of payment. The correct amount thereof was inserted in the blank space. That being so, the legal effect of the contract was not disturbed, even though we may concede that its evidentiary effect was enhanced. The contract itself was not made to speak a different language in legal effect. Its identity was not lost. The amount inserted being correct, it could do no harm. Such is not a material alteration. The insertion of the correct amount did not in the least disturb the equilibrium of their legal liability arising out of the contract as they executed it.

It is urged that the delivery of the instrument, with the blank in it, gave implied authority to fill it in and that the circumstances created an agency for that purpose. There are cases where such rule might apply (State v. Young, 23 Minn. 551), but this is not one of those. This instrument would have been complete for its principal function with this blank space unfilled. The circumstances here will not permit an inference of such implied authority. Implied authority arises where the matter filled in is an essential or necessary part of the instrument. The implication will not arise as to an unessential, immaterial or harmless insertion, and the case of McConnon v. Hovland, 156 Minn. 222, 194 N. W. 394, should be and is so limited.

Appellant asserts that to permit respondents to prove by parol that the contract was a blank when they signed their agreement and that the amount was subsequently inserted was a violation of the rule that forbids the reception of parol evidence to vary the terms of a written instrument. It is sufficient to say that one of the exceptions to the general rule invoked is that parol or extrinsic evidence is admissible for the purpose of impeaching an instrument

to show the fact that an alteration was made therein. 2 C. J. 1282, 1 R. C. L. 1046. Appellant's position in this respect is without merit.

Appellant claims that respondents are estopped by their contract from making any claim of alteration as alleged. The language of the contract pointed to in support of this suggestion is this:

"Which we have read and fully understand and which contains no blank spaces at the time we execute this agreement as a part of the same as sureties."

They read this part of the agreement before they signed their contract. Upon receiving the contract appellant wrote a letter formally accepting the agreement and advising "the amount due as expressed in this renewal agreement is one thousand twenty-four and 19/100 ($1,024.19) dollars, as you observed when executing the same." They did not answer this letter. Apparently because the respondents did not answer the letter, the court submitted to the jury the question as to whether respondents were estopped only in the event that Wolleat made the insertion after they signed. The fact that appellant's testimony is to the effect that this blank was filled in before the instrument was sent to Wolleat for execution, leaves little chance to speculate on Wolleat's act in this respect.

The law is that recitals in a contract, which are consistent and certain in their terms, relevant to the subject matter of the contract, and with reference to which the contract was made, estop the parties thereto from denying the facts recited. City of Minneapolis v. Minneapolis Ry. Co. 115 Minn. 514, 133 N. W. 80; Red Wing Sewer Pipe Co. v. Donnelly, 102 Minn. 192, 113 N. W. 1, 120 Am. St. 619; Jefferson v. McCarthy, 44 Minn. 26, 46 N. W. 140. Caspersz, Estoppel, § 339.

It is now claimed by appellant that the language in the contract stating that there are no blank spaces, which they read, estops respondents as a matter of law. The inquiry immediately presents itself, why should they be estopped? Here is a contract tendered by appellant. It is a printed agreement with many blank spaces

having all filled in but this one. This language is written into it by appellant apparently for the very purpose of avoiding a claim of this character. There were many blank spaces filled in by type-writing, but this one space was not. These respondents were farmers with very limited business experience and could not be expected to appreciate the minute details of business transactions. This language is not their language. Its significance or legal effect, if any, was not called to their attention. It was not the essential element of the contract that they then intended to execute. In fact, it was not of the essence of the main contract actually executed by the parties. It was an incidental and evidentiary ingredient injected into it, not as a necessary part of the contract of guaranty, but for the purposes hereinbefore mentioned. It is a matter of evidence and like all other evidence may be rebutted by contrary proof. Wall v. White, 14 N. C. 105. This recital was not necessary for the purposes of this contract; the exact facts in reference to whether the blanks were filled in or not were within the knowledge of plaintiff. Osborne v. Endicott, 6 Cal. 149, 65 Am. Dec. 498. A recital in a contract is not conclusive, unless it operates as a representation or warranty inducing the formation of the contract, or was itself the essence of the contract, or having been accepted and acted on in good faith resulted in consequences which it would be inequitable or unjust to disturb. Moon v. Moon, 102 Kan. 737, 173 Pac. 9; 103 Kan. 179, 173 Pac. 9; 21 C. J. 1112; 10 R. C. L. 685, 689, 696, 697. The facts in this case do not bring this case within either of these three opportunities.

Moreover this is a general or blanket statement that is the basis of this estoppel. A general recital is not an estoppel, though the recital of a particular fact is. First Nat. Bank of Hastings v. Rogers, 13 Minn. 376 (407), 97 Am. Dec. 239; Bigelow, Estoppel (6th ed.) c. 10, p. 398, 410. Caspersz, Estoppel, § 361; 2 Herman, Estoppel, § 613.

In fact insofar as the real purpose of the main contract is concerned, this language is so far unrelated to it that it may well be classified as an incidental matter. This court in Ambs v. Chicago, St. P. M. & O. Ry. Co. 44 Minn. 266, 46 N. W. 321, said:

"The doctrine of estoppel would indeed soon become odious if it should be so applied as to forever preclude proof of the truth, contrary to the language which parties may have used in respect to matters not essential to the transaction between them, which they cannot be supposed to have intended as an admission or statement of a fact to be accepted and acted upon as such, and in respect to which it is immaterial whether the language employed was accurate or inaccurate, true or untrue. To such immaterial matters the doctrine of estoppel is not applicable."

Defendants' position, in tendering their defense, questioned the innocence of plaintiff. The court heard their evidence. The jury determined the facts. Only the innocent may invoke an estoppel. Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851; Kirby v. Union Pac. Ry. Co. 51 Colo. 509, 119 Pac. 1042, Ann. Cas. 1913B, 461. The jury have disarmed the plaintiff of the defense of estoppel.

In view of our conclusion that there was not as a matter of law any material alteration, the order of the trial court is reversed with directions to enter judgment in favor of plaintiff.