McCONNON & CO. *v.* MENCH.

1. APPEAL AND ERROR—FINDING OF JURY ON QUESTION OF FACT BINDING ON SUPREME COURT.

   In an action upon a contract of guaranty, the finding of the jury that the amount of the principal's indebtedness was written in the contract after it was signed by the sureties must be accepted by the Supreme Court.[1]

2. GUARANTY—COMMON-LAW RULE SOMEWHAT RELAXED.

   The common-law rule that any alteration of the contract was a material one and released the guarantors has been relaxed to some extent.[2]

3. SAME—INSERTION OF AMOUNT DUE AFTER CONTRACT SIGNED A MATERIAL ALTERATION.

   Where the amount of past-due indebtedness of the principal, payment of which was guaranteed, was left blank at the time the guarantors signed, its insertion afterwards without their knowledge or consent was a material alteration releasing them from liability.[3]

[1]Appeal and Error, 4 C. J. § 2834; [2]Guaranty, 28 C. J. § 159 (Anno); [3]Id., 28 C. J. § 159.
On right of obligee in surety bond to fill blank as to amount, see note in 37 A. L. R. 1395.

4. Same—No Implied Authority to Fill in Blank After Contract Signed.

>   No implied authority to fill in the amount of the past-due indebtedness of the principal arose by reason of the fact that the space therefor in the contract was left blank at the time the guarantors signed.[4]

5. Same—Amount of Indebtedness Not Material to Application of Rule.

>   That there is no dispute as to the actual amount of the principal's past-due indebtedness, does not affect the rule that it was a material alteration of the contract to enter it in the blank space after the contract was signed by the guarantors.[5]

6. Same—Burden of Proof.

>   Where, in an action on a contract of guaranty, plaintiff alleged that the contract specified the amount of the past-due indebtedness of the principal, and the guarantors introduced evidence negativing such allegation and the *prima facie* case presented by the writing, the burden was on plaintiff to go forward and establish its claim by a preponderance of the evidence.[6]

Error to Hillsdale; Chester (Guy M.), J.     Submitted June 16, 1926.     (Docket No. 136.)     Decided July 22, 1926.

Assumpsit by McConnon & Company against Irving Mench, principal, and Ralph W. Smith and another, sureties, upon a contract of guaranty.     Judgment for plaintiff against defendant principal only.     Plaintiff brings error.     Affirmed.

*W. D. Grommon,* for appellant.

*Paul W. Chase,* for appellees.

Wiest, J.     Defendant Irving Mench had the right to sell extracts, medicines and other articles of merchandise, purchased of the Saginaw Medicine Company,

---

[4]Guaranty, 28 C. J. § 159; [5]Id., 28 C. J. § 159; [6]Id., 28 C. J. § 194 (Anno).

235—Mich.—41.

within a specified territory. Desiring to continue such sales for another year, and being indebted to the Saginaw Medicine Company in the sum of $1,170.52, he received a contract prepared by the company and was required to obtain sureties. The contract so prepared by the company, as found by the jury, stated:

"The indebtedness due at the date of this agreement from the party of the second part to said company, for goods and other articles sold and delivered to him under a prior agreement is hereby mutually agreed to be the sum of..........dollars, which sum and indebtedness the second party hereby promises and agrees to pay during the term of this agreement, and payment of which is hereby extended to such time."

Defendants Smith and Welden signed a guaranty reading as follows:

"In consideration of the sum of one dollar to us severally in hand paid by Saginaw Medicine Company, the receipt whereof is hereby acknowledged, and the execution of the within agreement, by said company and the sale and delivery by it to the party of the second part, of its medicines, extracts and other articles, the extension of the time of payment of the indebtedness due from him to said company and therein provided, we, the undersigned sureties, do hereby jointly and severally promise and guarantee the full and complete payment of said indebtedness and for said medicines, extracts and other articles at the time and place and in the manner as in said agreement provided."

The Saginaw Medicine Company sold its business and transferred to plaintiff its claim against Mench, Smith, and Welden. This suit was brought to recover the amount of Mench's debt due at the time the guaranty was signed. Defendants Smith and Welden, under notice attached to the plea, claimed there was a material alteration made in the guaranty they signed, by way of inserting in the blank space in the contract

the amount of the past-due indebtedness of Mench. Plaintiff claimed such sum was in the contract when signed by Smith and Welden. The jury found the amount of Mench's debt was written in the contract after the same was signed by Smith and Welden and without their knowledge or consent. In the circuit judgment passed for defendants Smith and Welden on the ground that they were released by reason of a material alteration in their contract of guaranty. It appears Mench actually owed the amount claimed by plaintiff.

We must accept the finding of the jury that, at the time the guaranty was signed, the amount of Mench's indebtedness was not stated in the contract. Was it a material alteration of the contract to insert therein the amount of such indebtedness? The authorities are not in accord on this question. The common-law rule was to the effect that any alteration was deemed material and released the guarantors. The rule of the common law has been relaxed to some extent, but we are not prepared to go along with the decisions holding that such an alteration as here found is not a material one. The purpose of inserting the amount of the past-due debt of the principal, after signatures of the guarantors, is apparent as well as the reason for not having the amount in plain view of the guarantors at the time of a signing. Two purposes are served if the amount may be written in after execution and both are to the disadvantage of the guarantors; one admits of the principal making a representation false in fact, and by the writing to lead the guarantors to believe there is no past-due indebtedness because the space left for it is unfilled, and the other permits the inserted amount to stand as primary evidence of the obligation. We do not think the door should be opened to such possible deception and unfair employment of the alteration as evidence of the state of the account.

In the course of our examination we have noticed many cases like the one at bar.    Such an alteration, if countenanced, may be a studied one intended to either entrap the guarantors or bring into play a rule of evidence not otherwise available.

In *J. R. Watkins Co.* v. *Fornea,* 135 Miss. 690 (100 South. 185), there was complete answer made to the point advanced by plaintiff here that there was no material alteration and also to another point urged that there was implied authority given plaintiff to insert the amount.    The court therein stated:

"It is also the contention of the appellant that as a matter of law there was no material alteration of this contract, even though the jury accepted the testimony of the defendants to the effect that the blank was filled in by the insertion of one thousand, three hundred and sixty-two dollars and four cents.    It is contended, *first,* that the contract was not complete with this blank, and that, since it was not filled in by the principal and sureties before signing, there was an implied authority given the appellant to fill in this amount; *second,* that, since there is no dispute as to the amount then due by the principal to the appellant, and that the correct amount was inserted in this blank, then this in no wise altered or changed the liability of the parties and is therefore not a material alteration of the contract.

"We cannot agree with either of these contentions of the appellant.    By reference to the above contract it is seen that in the previous sentence to the one in which the blank appears the principal promises to pay the indebtedness now due for goods.    The next sentence in which the blank is filled in attempts to state the account between the parties as owing at the time of the execution of the contract.    Without the filling in of this blank there was a completed agreement to pay the account then owing, which amount was not an agreed or stated amount but would have to be proved by testimony; whereas when the blank is filled in this amount becomes a stated or agreed amount.    According to the testimony of the sureties when they signed this contract the amount was left

blank, but there was a complete contract or agreement on their part to pay whatever amount was then owed by the principal to the appellant.    The contract was complete to this extent.    And, since the blank was not filled in, they had the right to believe that this particular clause in the contract was not expected to be filled in and therefore not to be invoked.

"*Second.* While it is true that the amount for which the sureties would have been liable under this contract had the blank not been filled in is· exactly the same that it would have been had this amount been inserted in the original contract, yet it is equally true that this alteration in the contract 'enlarges the scope of the instrument as a means of evidence.' Without the filling in of this blank, in a suit based upon this contract, the appellant would have been called upon to prove the correctness of the account owing at the time of the execution of the contract. But with this amount inserted this rule of evidence is changed, and this amount is agreed to as being correct in the contract."

See, also, *J. R. Watkins Co.* v. *Keeney,* N. D. (201 N. W. 833) ; *J. R. Watkins Medical Co.* v. *Miller,* 40 S. D. 505 (168 N. W. 373) ; *J. R. Watkins Medical Co.* v. *Payne,* 47 N. D. 100 (180 N. W. 968).

We do not follow the holdings in *McConnon & Co.* v. *Hovland,* 156 Minn. 222 (194 N. W. 394) ; *J. R. Watkins Co.* v. *Powell,* 93 Okla. 219 (220 Pac. 585) ; *Dr. Ward's Medical Co.* v. *Wolleat,* 160 Minn. 21 (199 N. W. 738).

Plaintiff claims the burden was upon defendants Smith and Welden to establish, by a preponderance of the evidence, that the alteration was made after they signed, and the court was in error in holding the burden of proof was upon plaintiff to show the writing was made as it alleged. Plaintiff alleged the contract of guaranty specified the amount of Mench's debt. When defendants Smith and Welden introduced evidence which, if believed, negatived such allegation and the *prima facie case* presented by the writing, the burden was still on plaintiff to go forward and estab-

lish its claim by a preponderance of the evidence, and there was no error in so instructing the jury. Such defense, while affirmative, did not depart from the issue raised by plaintiff. *Willett* v. *Shepard*, 34 Mich. 106; *Manistee National Bank* v. *Seymour*, 64 Mich. 59; *Wilson* v. *Hotchkiss' Estate*, 81 Mich. 172.

Witnesses were called to impeach Mench. The court struck out the testimony of two such witnesses. The testimony of three others came within the rule of admissibility and there was no error in refusing to strike out their testimony. We find no reversible error.

Judgment is affirmed, with costs to defendants Smith and Welden.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.