170 So. 194

**J. R. WATKINS CO. v. WILLIAMS.**

I Div. 927.

Supreme Court of Alabama.

Oct. 15, 1936.

Monette & Taylor, of Birmingham, for appellant.

Wm. G. Lindsey, of Chatom, for appellee.

FOSTER, Justice.

As it went to trial, this was a suit by appellant against appellee on a contract by which appellee unconditionally promised, agreed, and guaranteed to pay the amount of an existing indebtedness owing by one Beasley to plaintiff, and for such goods and articles as may thereafter be sold under the agreement then made with Beasley, to which defendant's contract was attached. The contract with Beasley provided that the amount of the existing debt was $748.27. The contract with defendant averred that the amount of such indebtedness "is now written in said agreement, or if not written therein, we hereby authorize the amount of said indebtedness to be written therein."

The particular plea which defendant undertook to prove was that numbered 11, in substance, that the amount of such indebtedness was not in the Beasley contract when defendant executed his contract, but that the space was blank and the amount of $748.27 was written in it since defendant's signature (it does not say by whom), "and without his knowledge, authority or consent," and that he knew of no indebtedness then existing by Beasley to plaintiff.

It is not contended that the judgment rendered for defendant can be supported by other pleas, or the failure of proof by plaintiff, who sufficiently made out a prima facie right to recover.

There was, however, a conflict in the evidence as to whether the amount of Beasley's debt to plaintiff was in the contract signed by him, when defendant, here called a surety, signed his separate contract, but attached to that of Beasley, and referred to it as stating the amount of his debt to plaintiff thereby secured, "or if not written therein, we hereby authorize the amount of said indebtedness to be written therein."

The case was tried by the judge without a jury, and his finding has the force of the verdict of a jury. But if it fails to give due regard to a legal principle which would change the result, it should be reversed.

As we have shown, plea 11 alleges that the amount was inserted without the knowledge, authority, or consent of defendant. The burden was on defendant to prove the alteration as thus alleged, and that it was without his knowledge or consent. Ehl v. J. R. Watkins Medical Co., 216 Ala. 69, 112 So. 426.

Defendant testified that when he signed the contract he did not know that Beasley owed plaintiff any amount. But that he read the contract before he signed, and knew its contents. His contract, as he claims to have signed it, expressly agrees to pay the indebtedness, the amount of which is there said to be written in the Beasley contract, or if not so written, "we hereby authorize the amount of said indebtedness to be written therein." This was conclusive in the absence of fraud that he did know of the existence of the

indebtedness and consented in writing for the amount of it to be inserted in the Beasley contract, if not then in it. It is not disputed in the evidence but that the amount inserted was correct.

Plea 11 was not sworn to (section 7663, Code), and was perhaps otherwise defective, but no point as to such defects was made.

When a blank is left in a contract when delivered, it may be shown to have been agreed that it shall be filled by the contractee after delivery. When it is correctly filled pursuant to such contract, it is as valid and binding as though it had been filled when signed and delivered. See sections 7717, 9042, 9144, Code; Toomer v. Rutland, 57 Ala. 379, 29 Am.Rep. 722; Gibbs v. Frost, 4 Ala. 720; 1 R.C.L. 1009; 2 Am.Jur. 637, § 52. When express authority to fill a blank in some certain respect is given, and it is done as thus authorized, it is not such an alteration as avoids the instrument even between the parties originally named and who made the alteration, but it is avoided if altered by a party in a material respect not authorized. Toomer v. Rutland, supra; Shows v. Steiner, Lobman & Frank, 175 Ala. 363, 57 So. 700; Green v. Sneed, 101 Ala. 205, 13 So. 277, 46 Am.St.Rep. 119.

The courts have construed various contracts similar to that here under consideration. In some of them there was a clause authorizing an insertion of the amount, and in others there was no such clause. When no stipulation thus exists, nor other authority given, it has been held in some cases that the contract agreeing to pay an existing debt, the amount of which is left in a blank space, is not voided by filling in the blank with the correct amount of the debt. McConnon & Co. v. Hovland, 156 Minn. 222, 194 N.W. 394; Watkins Co. v. Powell, 93 Okl. 219, 220 P. 585; Dr. Ward's Medical Co. v. Wolleat, 160 Minn. 21, 199 N.W. 738. The contrary is held in other cases. McConnon & Co. v. Mench, 235 Mich. 640, 209 N.W. 830, 48 A.L.R. 737; Watkins Co. v. Fornea, 135 Miss. 690, 100 So. 185; Watkins Medical Co. v. Miller, 40 S.D. 505, 168 N.W. 373. See 2 Am.Jur. 646, notes 2 and 3, giving both views.

But it is not necessary in this case to take a position on that point, since the contract here in question gives express consent to such act. But when so, and in respect to a contract similar to this one, it has been held that if the principal in the contract was acting for himself, and not the contractee, in procuring sureties to sign, it was he and no one else who was so authorized. Watkins Co. v. Keeney, 52 N.D. 280, 201 N.W. 833, 37 A.L.R. 1389. But we cannot follow the bald assertion to that effect. The authority in the contract is broad and names no one. Why say it is impliedly limited to Beasley? The correct amount was inserted by authority of defendant. We cannot see that it is material whether the amount is written by Beasley or the plaintiff under such authority, if it is correct. There is no claim that it is not correct. We are here dealing with an express authority. It is not controlled by one that is implied, and if an implied authority is limited to the person to whom the instrument is actually delivered (as said in the Keeney Case, supra, and in Norman F. Thiex, Inc., v. General Motors Acceptance Corporation, 218 Wis. 14, 259 N.W. 855), that need not be the construction of such broad terms as are here used. They are doubtless so inserted to care for such a contention as that here made.

Whatever might be our view of a contract which had no such terms, we think as expressed, the right to fill the blank was conferred upon the plaintiff as well as Beasley, provided it was done correctly. With that interpretation of the contract, judgment for defendant was not properly supported. But it should have been rendered for plaintiff. Appellant in brief remits all sums except $748.27. This is the amount written in the contract, and it is due and owing under its terms.

The judgment of the circuit court is therefore reversed, and one is here rendered for appellant against appellee for that amount.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.