6 So.2d 430

**J. R. WATKINS CO. v. STIMPSON et al.**

7 Div. 696.

Supreme Court of Alabama.

Feb. 19, 1942.

Taylor & Jeffrey, of Birmingham, for appellant.

Irby A. Keener and Reed & Reed, all of Centre, for appellees.

FOSTER, Justice.

This is an action on a contract in writing, a copy of which is attached as an exhibit to counts 4, 5 and 6. Those are the only counts which were submitted to the jury. It purports to be one of suretyship whereby defendants agree to pay for the goods sold and delivered by plaintiff to one Ashley, since deceased.

Besides the general issue, defendants pleaded (4) non est factum, in general form; and (7 and 8) which are also non est factum but in special form, alleging that while they each signed the contract it was done with the agreement, with Ashley and a representative of plaintiff, that it was not to be delivered to plaintiff without getting M. H. Copeland to sign it, but that it was delivered by them to plaintiff without getting Copeland to sign it.

There were replications setting up the Minnesota law as applicable, and pleading that law, and also a waiver of the condition set up in pleas 7 and 8, and estoppel to rely on them.

It therefore became necessary for plaintiff to prove execution of the contract the foundation of the count. Ehl v. J. R. Watkins Medical Co., 216 Ala. 69, 112 So. 426. But under the special plea, though non est factum also (Interstate Electric Co. v. Russell, Ala.Sup., 5 So.2d 484), the burden was on defendant as to such special matter, after plaintiff had sustained the burden under the general plea. Ehl v. J. R. Watkins Medical Co., supra; Chitwood v. Blackwood, 220 Ala. 75, 124 So. 110; Watkins Co. v. Williams, 233 Ala. 135, 170 So. 194.

The bill of exceptions as set out in the record recites that plaintiff offered in evidence the answers of defendants to interrogatories, that they signed the original contract, a copy of which is attached to the summons and complaint, and then recites that plaintiff introduced the contract on which the suit is based and marked plaintiff's exhibit No. 1. There then follows in the record what purports to be a transcript of that contract.

Appellees have moved to strike the bill of exceptions as transcribed in the record, and also the transcript of the contract thus set out, because the bill of exceptions as signed did not contain this contract. The motion is also based upon some fifteen other instances where matter appears in the bill of exceptions as transcribed which do not appear in it as signed, and in support of which motion, the original bill of exceptions as signed is certified to us by order of the trial judge. The usual way is to have the bill of exceptions as signed transcribed and certified to us on certiorari. Jones v. White, 189 Ala. 622, 66 So. 605. But in this instance, such procedure was not adopted.

However, we will consider the original bill of exceptions so certified as evidence on the motion to strike. It does not contain the several documents, nor does it direct the clerk to insert them by any sort of reference, much less by sufficient reference.

We will therefore sustain the motion to strike those portions of the bill of exceptions as transcribed which are referred to in the motion, but will not strike the bill of exceptions as a whole.

But the recitals to which we have referred, are sufficient proof of the execution of the contract sued on, without setting it out in the bill of exceptions again, thereby casting on defendant the burden to prove one of his special pleas of non est factum. The defendant met that burden by prima facie showing. Whereupon plaintiff sought to prove its replication of estoppel by introducing evidence of certain notices in the form of letters sent to defendants by registered mail informing them that plaintiff had received and accepted the agreement signed by the defendants as sureties. But those letters, as copied in the bill of exceptions in the transcript must be stricken for the reason we have indicated. The decision of the Minnesota Supreme Court offered in evidence must also be stricken for the same reason. Without it there is no evidence of the law of that state as set out

in the replications. With all of this stricken from the bill of exceptions, there is nothing in the evidence on which to rest plaintiff's replications.

The only argument made by counsel for appellant in brief on this appeal is that the court erred in not giving plaintiff the affirmative charge, and in denying a motion for a new trial on the same ground and on the further ground that the verdict was contrary to the law and evidence. The argument is based upon the legal effect of sending the notices to defendants by registered mail, and the evidence of defendants that they signed the register receipt cards, though they denied receiving any such information as is contained in the letters. Appellant's contention is largely based on the principle asserted in Watkins Co. v. Daniel, 228 Ala. 399, 153 So. 771.

In the present state of the record, there is no evidence of notice to defendants that the contract had been delivered to plaintiff with the signatures of these defendants as the sole sureties. In the absence of such notice on the present state of the pleading (plea No. 7), there is no duty shown on the part of defendants to prove notice to plaintiff of the condition on which the contract was delivered.

The case must be heard here on the assignments of error which are argued by counsel for appellant. There is no assignment which presents any question as to rulings on the pleadings, and, of course, no argument based on such rulings.

The motion to strike the bill of exceptions is overruled; motion to strike parts as set out in the motion in paragraphs lettered "a" to "o" inclusive is sustained. And the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.